8530
STONE v. CITY OF FLORENCE.

1. INFANT—NEGLIGENCE—PRESUMPTIONS.—Proof that a child five years old fell into a ditch in a street left unguarded in which a lot of trash had been dumped and set on fire, by presumption, proves that his injury was not brought about by his own negligent act.

2. CITIES AND TOWNS—NEGLIGENCE.—A municipal corporation is liable for injury to one lawfully using a street by falling in a ditch negligently unguarded, whether the ditch be on the extreme edge of the street or in it.

3. IBID.—FROM EVIDENCE that a driver of a city cart dumped trash into an open ditch in a street and set fire to it, which burned for a week, it may be inferred the city authorized the act.

Before DEVORE, J., Florence, Spring term, 1912. Affirmed.

Action by Francis Stone, guardian of E. J. Stone, against City of Florence. Defendant appeals.

*Messrs. Henry E. Davis* and *D. Gordon Baker,* for appellant, cite: *Plaintiff must disprove contributory negligence:* 20 S. C. 116; 89 S. C. 511; 58 S. C. 417; 40 S. C. 342; 73 S. C. 254; 76 S. C. 203; 87 S. C. 359; 91 S. C. 384; 165 U. S. 150. *Defendant is not liable for defects in parallel drains:* 43 S. C. 398; 83 S. C. 509; 57 S. C. 302; 40 S. C. 342; 73 S. C. 254; 58 S. C. 413; 56 S. C. 448; 70 S. C. 142; 66 S. C. 448; 4 Dill., sec. 1707; 86 Ed. 297; 55 Am. R. 687; 45 Am. R. 52; 41 Am. St. R. 69; 73 N. E. 481; 131 N. Y. S. 1032; 81 At. 958; 28 Cyc. 1363; 45 Am. St. R. 853; 89 S. C. 511; 38 S. C. 282; 40 S. C. 390. *No proof that city authorized the fire to be set.* Dill., sec. 1717; 28 Cyc. 1358, 1394, 1397; Elliott, sec. 629; 22 S. E. 709; 70 L. R. A. 841; Sher. & Red. on Neg. 148; 26 Am. St. R. 221, 462; 48 S. E. 323; 32 S. E. 675; 88 S. C. 553.

*Messrs. Ragsdale & Whiting,* contra, cite: *Infant cannot be charged with negligence:* 53 Am. Dec. 65; 17 L. R. A. 733; 25 S. C. 24; 76 S. C. 539; 29 Cyc. 537-8; 66 S. C. 47; 40 S. C. 342. *Unguarded excavation near street comes within inhibition:* 89 S. C. 511; 25 Am. R. 378; 121 S. W. 664; 41 N. H. 329; 30 Wis. 392; 58 Ind. 124; 36 Am. Dec. 721; 34 L. R. A. 118. *Injury was caused by neglect of city:* 28 Cyc. 1389; 127 N. Y. 350; 45 N. Y. S. 239; 66 S. C. 442.

April 22, 1913. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. About thirty years ago, the city of Florence dug a drain from twelve to fifteen feet deep through the western portion of the city, which was then undeveloped. Since that time, McQueen street has been laid off along the drain. There is conflict of evidence as to whether the drain is wholly within the street—between the sidewalk and the driveway—or merely on the extreme eastern edge of the street; but, as we shall see, that is not material.

The drain remained an open waterway until 1910, when the city built a concrete arch in it, so as to leave sufficient space beneath for drainage, and began filling the space above by dumping into it the trash from the city, which contained a good deal of combustible matter.

About June 1, 1911, the driver of the city dump cart, after dumping in a load of trash, set fire to it. The fire smouldered along the ditch for nearly a week, and apparently went out, but there was left a bed of embers, into which the plaintiff, a child about five years old, fell, while playing in McQueen street. Plaintiff was very badly burned and recovered judgment against the city in this action for damages for his injuries.

By the terms of the statute under which the action was brought (sec. 3053, Civ. Code), it was incumbent upon the plaintiff to allege and prove that his injury was not brought about by his own negligent act, and that he did not negligently contribute thereto. *Walker* v. *Chester,* 40 S. C. 342, 18 S. E. 936. The plaintiff so alleged in his complaint, and, when he proved that he was only five years old, he proved a fact which raised a presumption that he was incapable of negligence (*Tucker* v. *Buffalo Mills,* 76 S. C. 539, 57 S. E. 626), and in that way he fully complied with the condition of the statute.

In *Irvine* v. *Greenwood,* 89 S. C. 511, the neglect or mismanagement of the corporation in the repair of the street complained of consisted in leaving an electric light pole in the street from which an iron chain connected with the wire hung so low that plaintiff caught it and received a deadly charge of electricity. It was argued for the city that this was not such a defect *in the repair of the street* as was contemplated by the statute. In rejecting that contention, the Court said: "But we are unable to give the duty of keeping streets in repair the narrow meaning contended for by respondents. To keep a street in repair means to keep it in such physical condition that it will be

reasonably safe for street purposes. It is not enough that its surface should be safe; a street is not in repair when poles or wires or other structures are so placed in or over it as to be dangerous to those making a proper use of the street. In *Duncan* v. *Greenville,* 71 S. C. 170, 50 S. E. 675, it was held that a wagon left on the public road so as to put travelers in peril must be regarded under the statute as a failure to keep the road in repair. In this case the pole was placed in the street as a fixture and became a part of the street, which it became the duty of the municipal authorities to keep safe." In *Hutchison* v. *Summerville,* 66 S. C. 442, 45 S. E. 8, this Court held that the corporation was liable for an injury to plaintiff resulting from negligence in leaving a ditch *at the end* of a sidewalk unguarded, so that plaintiff fell into it. Hence, if a ditch or drain along the edge of a street or highway is negligently left unguarded, and a person lawfully using the highway is injured thereby, the corporation is liable. It is not material, therefore, whether the ditch into which the plaintiff fell was wholly within the street, or merely along the extreme eastern edge of it; for, in either case, defendant is liable, if, under all the circumstances, it was negligence to leave it unguarded. Negligence in the repair of a street may consist in omission or nonaction.

There was testimony from which the jury might properly have inferred that the act of the driver in setting fire to the trash in the ditch was done within the scope of his duties. There was, therefore, no error in refusing defendants motion to direct the verdict on the ground that there was no evidence that the city authorized the act. Moreover, the fact that the fire burned in the ditch for nearly a week afforded ample ground for an inference that the city authorities knew of it, and made no effort to prevent injury therefrom to those properly using the street.

Affirmed.