KREIGER v. VILLAGE OF DOYLESTOWN.

*Municipal corporations—Negligence—Injuries resulting from shooting gallery permitted in street—Municipality not liable for failure of officers to supervise and regulate operation—Governmental function.*

A municipality is not liable in damages to an individual for an injury resulting from the negligent and careless manner in which a shooting gallery was operated in the public street of such municipality, even though its officers permitted and allowed such gallery in such street and failed to supervise and regulate the manner in which it was being operated.

(Decided May 6, 1927.)

ERROR: Court of Appeals for Wayne county.

*Messrs. Weiser & Weimer,* for plaintiff in error.
*Mr. A. D. Metz,* for defendant in error.

FUNK, J.  The plaintiff in error, Otto J. Kreiger, commenced his action against the defendant in error, village of Doylestown, to recover damages for loss of the sight of his right eye, the result of being struck by a bullet which had rebounded from a target, which bullet had been shot from a rifle in a shooting gallery alleged to have been permitted by the officers of said village to be operated upon a public street of the village.

Defendant in error filed a general demurrer to the petition on the ground that it did not state facts sufficient to constitute a cause of action, which demurrer was sustained by the common pleas court and the case dismissed at the costs of plaintiff. The case is now here on petition in error to reverse that judgment.

The petition, exclusive of the formal parts, the allegations as to defendant being a municipal corporation, the extent of the injury, the amount of damages asked, and the prayer, read as follows:

"Plaintiff further says that the defendant during the month of August, 1925, granted permission to one Harry Washburn, whereby it granted the use of its streets to said party for the purpose of operating a shooting gallery upon one of its principal streets; namely, Portage street; that in pursuance of said right granted him by the village of Doylestown he constructed and erected on said street a shooting gallery which he operated for several days on said street; that the village was to receive a certain sum of money for the use of said street; that in said shooting gallery they used repeating rifles to shoot at a target within said shooting gallery; that the target was so negligently constructed and the gallery so negligently operated

that the bullets fired from said rifles would rebound and make it dangerous for pedestrians on the street in the vicinity; and that while plaintiff was standing on the sidewalk on said street, in the village of Doylestown, on the 14th day of August, 1925, one of the bullets fired from one of the rifles used in said target shooting struck said target with great force and rebounded, striking the plaintiff with great force and violence in his right eye, injuring and bruising the same to such an extent that, as a result of the said injury caused by said bullet, the sight of his right eye was permanently destroyed.

"Plaintiff avers that his injuries were caused wholly by reason of the negligence and carelessness of the defendant, and without any fault or negligence upon plaintiff's part. That the defendant was guilty of negligence and carelessness in permitting and allowing the operation of said shooting gallery upon its said street and in the defective and unsafe condition it was then in, to the injury of the plaintiff and the general public who used said street to travel upon, defendant well knowing that the said street was constantly used by the general public in said municipalty. That the defendant knew or by the exercise of reasonable care could have known of the dangerous condition of said shooting gallery upon its said street at the time and place, yet, notwithstanding said knowledge, defendant permitted and allowed said parties to operate said shooting gallery, and negligently and carelessly failed to remedy or require said amusement company to repair said defect or take any steps whatever to prevent the operation of said shooting gallery in its dangerous condition upon its said street. That the plaintiff did not know

nor have equal means with the defendant of knowing of the dangerous condition of said shooting gallery, and while in the exercise of reasonable care on his part he was struck in the right eye with a bullet fired from one of the rifles used for target shooting in said gallery.''

It appears from the briefs and argument of counsel that at the time the injury complained of occurred the village of Doylestown was having a homecoming and centennial celebration, and that as a part of the program for entertaining the people attending the same a portion of the several streets was permitted to be occupied for the operation of various concessions. One of the concessions provided for the entertainment of the people was the shooting gallery referred to in the petition.

From a careful reading of the petition it will be observed that the gist of the complaint is not that the shooting gallery was being operated in the street, or that the gallery was in itself an obstruction in the street that caused the injury, or that it was necessarily or intrinsically dangerous to have the gallery in the street, but rather that the injury was caused by the careless and negligent operation of said shooting gallery, and that the village is answerable therefor, because its officers permitted or did not prevent such careless and negligent operation.

It clearly appears from the face of the petition that if the village is liable for the injury complained of, such liability is not founded upon any defective condition of the street itself, or upon any obstruction in the street by reason of the shooting gallery being located therein, but that its liability is based upon whether or not it is liable for its

failure to supervise and regulate the kind of target and bullets that were being used in said shooting gallery.

In the case of *City of Cleveland* v. *Ferrando,* 114 Ohio St., 207, at page 209, 150 N. E., 747, 748, Judge Robinson says:

"It seems to be well settled that an action of negligence against a municipality may not be grounded upon the issuance of a permit by the municipality to persons, or organizations, to explode fireworks, nor can the municipality be held for an action of negligence grounded upon the failure of the municipality to supervise or regulate such exhibition; both the issuing of such permit and the regulation of the exhibition being police regulations and governmental in character."

It will be further observed that the condition of the street itself is one thing, but that the manner in which it is being used is quite a different thing. For the safe condition of the street itself the municipality is liable—made so by statute in Ohio (Section 3714, General Code)—but for its unlawful or improper use the municipality is not liable, *Custer* v. *City of New Philadelphia,* 20 C. C., 177, 11 C. D., 9.

The doctrine of the exemption of a municipality from liability for injuries resultng from the unlawful or improper use of its streets is based upon the theory that it has reference to the regulation of the use of its streets, which is considered a police power, and governmental in its character, which can be distinguished from a defective condition of the street itself, which has reference to its pecuniary and proprietary or corporate and individual

character. This distinction is recognized by all the leading text-writers and decisions.

It is well settled in Ohio that the meaning of a pleading must be fairly ascertained from the whole instrument. The complaint not being grounded upon the condition of the street itself, or on account of an obstruction in the street caused by said gallery being located therein, but being based only upon the negligent operation of the gallery, the allegation in the petition, "that the village was to receive a certain sum of money for the use of said street," is immaterial, and of no determinative effect upon the liability of defendant under the allegations of the petition when fairly construed as a whole.

Under *City of Cleveland* v. *Ferrando, supra,* the issuing of a permit—assuming that the petition alleges that one was issued—is governmental in its character. Although the granting of a permit to operate a shooting gallery in the public street of a municipality may be an unauthorized exercise of power by the municipal officers, under *Hunt* v. *State,* 20 C. C., (N. S.), 111, 31 C. D., 154, and authorities therein cited, and affirmed without opinion in 88 Ohio St., 599, 106 N. E., 1062, the municipality is not answerable in damages to an individual for an injury resulting from such unauthorized exercise of power by its officers.

We are therefore of the opinion that the allegations of the petition, when fairly construed as a whole, charge no more than that the officers of the village permitted—that is, took no measures to prevent—the negligent operation of a shooting gallery in the public street; in other words, the most that can be claimed for the petition is that the

village authorities failed to supervise and regulate the manner in which the shooting gallery was being operated, in reference to the kind of target and bullets that were being used in said shooting gallery. The negligence complained of therefore has reference to the exercise of power by the officers of said village in their governmental capacity, for which the municipality is not liable, as distinguished from their ministerial or proprietary character. This position is also supported by the following decisions: *Robinson* v. *Village of Greenville,* 42 Ohio St., 625, 51 Am. Rep., 857; *Frederick* v. *City of Columbus,* 58 Ohio St., 538, 51 N. E., 35; *Bell* v. *City of Cincinnati,* 80 Ohio St., 1, 88 N. E., 128, 23 L. R. A., (N. S.), 910; *Turner* v. *City of Toledo,* 15 C. C., 627, 8 C. D., 196; *City of Wooster* v. *Arbenz,* 116 Ohio St., 281, 156 N. E., 210.

The judgment of the court below is therefore affirmed.

*Judgment affirmed.*

WASHBURN, P. J., and PARDEE, J., concur.