13962

HEATH v. TOWN OF DARLINGTON

(177 S. E., 894)

*Messrs. C. E. Gardner, R. R. McLeod* and *G. H. Edwards,* for appellant,

*Mr. Jerome F. Pate,* for respondent,

December 27, 1934.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

This case came to this Court the first time on appeal from an order of Judge Dennis overruling a demurrer to the complaint. The order appealed from was affirmed by this Court in an opinion by Mr. Justice Stabler. 171 S. C., 196, 171 S. E., 916. Mr. Justice Stabler said: "If, as alleged in the complaint before us, the town, with actual or constructive knowledge, permitted such sign to be negligently placed and maintained over and above the sidewalk in a patently dangerous condition, it would be a question for the jury whether such condition, making it unsafe for pedestrians to use the sidewalk, was a defect in the street within the meaning of the statute under which the action is brought. See Section 7345 of the Code of 1932."

The case came to trial before Judge Mann at the Spring, 1934, term of the Court of Common Pleas for Darlington County. At the close of the testimony for the plaintiff, his Honor granted a motion for nonsuit.

From that order the appeal comes to this Court.

There are eleven exceptions, with numerous specifications of error, which will not be considered in detail, since the case must go back for trial.

"The general rule in this country is that municipalities which have full and complete control over the streets and highways within their corporate limits are liable in damages for injuries sustained in consequence of their failure to use reasonable care to keep them in a reasonably safe condition for public travel. 13 R. C. L., 310.

"The rule of liability of a city or municipality for injury resulting from conditions in the streets is not confined to cases of obstructions upon the surface of the street, for overhead signs or other objects may be as dangerous as an obstruction upon the surface, because they are not likely to be observed and avoided." Annotation to the case of *Shawnee v. Bennett,* 45 A. L. R., 800, and authorities there cited.

It is understood, of course, that the statute law of each State controls the matter.

We have carefully examined and considered the evidence submitted in the record in this case, and have reached the conclusion that there was evidence which made it the duty of the Court to submit the issue to the jury. It is not proper that we discuss the evidence nor that we specifically refer to it.

It is pertinent that we say that his Honor was correct in saying that the doctrine of *res ipsa loquitur* does not obtain in this State. This Court adheres to its ruling heretofore laid down thereabout.

Judgment below is reversed, and the case is remanded for trial.

MESSRS. JUSTICES STABLER and CARTER and MESSRS. ACTING ASSOCIATE JUSTICES C. J. RAMAGE and J. HENRY JOHNSON concur.