16105

ABERNATHY *ET AL.* v. CITY OF COLUMBIA
(48 S. E. (2d) 585)

*Messrs. N. A. Theodore, H. H. Edens, A. F. Spigner, Jr., C. T. Graydon* and *John Grimball,* all of Columbia,

70

for Appellants,

Messrs. *Paul A. Cooper, John W. Sholenberger* and *Edward W. Mullins,* of Columbia, for Respondent,

*Messrs. N. A. Theodore, H. H. Edens, A. F. Spigner, Jr., C. T. Graydon* and *John Grimball,* all of Columbia, for Appellants, on re-hearing,

*Messrs. Paul A. Cooper, John W. Sholenberger* and *Edward W. Mullins,* of Columbia, for Respondent, on rehearing,

July. 13, 1948.

STUKES, J.: Demurrer was sustained to the complaint in this action upon the general ground that it fails to state a cause of action for damages against the defendant City of Columbia. Appeal followed. Plaintiff's intestate was engaged in his trade in what is called the Columbia Curb Market in Assembly Street when he was killed by an explosion in the nearby place of one Wessells in the Market. Wessells occupied a building in the market place, formerly the center of the street, under license from the City, wherein he ripened fruit, principally bananas, by use of a dangerous gas, which, it is alleged, was ignited by a spark from some electrical appliance in use in the building, with the resultant explosion which destroyed the building, killed Wessells and several others, including plaintiff's intestate. It is argued here (and was in the trial court) that the building containing the dangerous gas, or the gas itself, was a defect in the street.

It is axiomatic in this jurisdiction that a municipality is a subdivision of the sovereignty of the State and enjoys the immunity of the latter from suit for tort except as provided by statute. That relied on here is Sec. 7345 of the Code of 1942 and the presently controlling portion of it is as follows: "Any person who shall receive bodily injury, or damages in his person or property, through a defect in any street, causeway, bridge or public way, or by reason of defect or mismanagement of anything under control of the corporation within the limits of any town or city, may recover, in an action against the same, the amount of actual damages sustained by him by reason thereof." The clause enclosed by the added parentheses may be omitted from consideration for it is irrelevant under the

decisions including *Reeves v. City of Easley,* 167 S. C. 231, 166 S. E. 120, which established that the thing there referred to as under control of the municipality must be something in use in connection with the obligation to maintain the streets in reasonable repair. Thus the present question is whether the fatal explosion resulted from a defect in Assembly Street, or more particularly whether the explosive gas, the building containing it or the manner of handling it may be held to have been a defect in the street, within the contemplation of the statute.

It was agreed by counsel in oral argument of the appeal that the State (to be the capital of which Columbia was created) owns the land which comprises Assembly Street, so the history of this unusual situation need not be cited. It is unimportant in this litigation anyway. The General Assembly by Act No. 277 of March 29, 1919, 31 Stat. 588, expressly granted the right to the city to erect in the center of certain portions of Assembly Street a "Market, a City Hall and such other public buildings as are necessary for corporate purposes, provided that sufficient driveways are left on each side of said buildings as will adequately take care of the traffic on said street." By Act No. 1257 of March 17, 1938, 40 Stat. 2732, the General Assembly granted a similar right with respect to an additional portion of Assembly Street for the erection of "a municipal market, a municipal market shed, and such other public buildings as deemed necessary for corporate purposes", with the same proviso as was contained in the Act of 1919, just quoted. The last such legislative act called to our attention is No. 223 of April 24, 1943, 43 Stat. 477, which granted similar right to the city with respect to a certain portion of Senate Street beginning at its intersection with Assembly, with the same proviso. The area described in these Acts falls just short of Wessells' location. His building was across the street intersection beyond the southern terminus of the area embraced in Act No. 1257 of 1938, 40 Stat. 2732. It

ends at Pendleton Street, whereas the location is across the intersection of Pendleton and Senate Streets.

However, under its statutory charter, the City of Columbia is authorized "to make all ordinances, rules and regulations relative to the streets and markets of the said city as they may think proper and necessary * * *" Act No. 4187, approved Dec. 21, 1854, 12 Stat. 293, Sec. 6, p. 294. The charter was amended by Act No. 343, approved March 2, 1871, 14 Stat. 569, which granted further authority with respect to the streets by empowering the mayor and aldermen as follows: "(They) are invested with all the powers of County Commissioners, or Commissioners of Roads, for and within the corporate limits of the City; and they may lay out new streets, close up, widen or further alter those now in use * * *"

It is gathered from the complaint and is a matter of common knowledge, of which the Court may properly take judicial notice, that the authorities of the City have permitted the erection and operation of Markets for the sale of produce in the center portion of Assembly Street, including Wessells' location. The Market buildings and activities exclude the former portion of Assembly Street which they occupy from use for travel. The latter is had on both sides of the Market which is made possible by the original extraordinary width of Assembly Street. The former street area which was converted to the purposes of the Market is no longer a portion of the street in which an actionable defect may exist within the purview of Sec. 7345. The market area is no more a part of a street than is the City Hall, adjacent to a street; and it is patent that a negligently caused explosion within the City Hall, with resulting injury to a passerby on the street, would not give rise to a cause of action under the statute. Equally convincing is the supposition that Wessells' place was on private property adjacent to the street where plaintiff's intestate was engaged; the explosion would have as certainly killed

him. The supposition may be carried one step further. Suppose the Market area were privately owned and never a part of Assembly Street, with the parallel traveled portions constituting streets separated by the privately owned market, it would hardly be contended that the City should be held liable for the results of an explosion on private property. It is not the unfortunate result which controls, but the fact that the cause was not a defect in the street within a reasonable meaning of that term of the statute.

It is alleged in the complaint that the death of plaintiff's intestate, quoting, "was due to, caused by, and was a direct and proximate result and (of?) the negligent, wilful and wanton acts and behavior on the part of the defendant City of Columbia, more particularly through its Fire Department, the Bureau of Fire Prevention and its Market managers in the following particulars, to wit:" And here follow the specifications:

"(a) In not inspecting the premises rented by Nolan W. Wessells on the Columbia Curb Market and discovering and eliminating the dangerous hazard from explosions that he was keeping there by the improper use of a highly explosive gas and thereby causing, creating and permitting a dangerous defect to exist in Assembly Street that the City of Columbia, through its agents, knew or should have known would probably injure the life and limb of persons lawfully using that street."

"(b) In not properly instructing Nolan W. Wessells in the safe and proper use of the dangerous gas that he was permitted to use to ripen his produce and thereby causing, creating and permitting a dangerous defect to exist in Assembly Street" (remainder same as in (a) above.)

"(c) In allowing Nolan W. Wessells to use this dangerous gas at all to ripen his produce when they knew or should have known that its use would create a dangerous hazard to all persons in the vicinity of his place of business and thereby causing, creating and permitting a dangerous

defect to exist in Assembly Street" (remainder same as in (a) above.)

"(d) In not preventing Nolan W. Wessells from using this dangerous gas in a dangerous manner when they knew, or could have known upon the slightest inquiry, what his dangerous practices were and thereby causing, creating and permitting a dangerous defect to exist in Assembly Street" (remainder same as in (a) above.)

"(e) In not placing or causing to be placed signs on the building in which Nolan W. Wessells was using this dangerous gas and creating this dangerous hazard to warn the public and people in the vicinity of the dangerous hazard created by the methods that they permitted him to use in curing of fruit and thereby causing, creating and permitting a dangerous defect to exist in Assembly Street" (remainder same as in (a) above.)

"(f) In allowing Nolan W. Wessells to use electric fans and electric switches and appliances in his ripening chambers that the Columbia Fire Department, the Bureau of Fire Prevention and the Market managers knew or should have known were capable of creating electric sparks that would cause the dangerous, combustible, explosive gas that they permitted Nolan W. Wessells to use to explode and injure any persons or property in the vicinity and thereby causing, creating and permitting a dangerous defect to exist in Assembly Street" (remainder same as in (a) above.)

"(g) In allowing to exist over a long period of time, when they knew and could have known and should have known such to exist a dangerous instrumentality on the public streets knowing full well that many citizens would be using the streets always, for its prime purpose, namely, the use of the street."

It is seen that appellant has a mistaken conception of the limited liability of a city under section 7345 of the Code. It does not extend to wilful or negligent acts of its officers or employees except with reference to the

maintenance of its streets for safe travel and under the conditions set forth in the statute. It was settled by the leading case of *Reeves v. City of Easley, supra,* 167 S. C. 231, 166 S. E. 120, that there should be a strict construction of the terms of the statute. The Court may not expand or enlarge its provisions by interpretation; amendment by the legislature is the only proper means to that end. *Triplett v. Columbia,* 111 S. C. 7, 96 S. E. 675, 1 A. L. R. 349. The decisions principally relied upon by appellant in the brief, to wit, *Caston v. Rock Hill,* 107 S. C. 124, 92 S. E. 191, (a barbed wire gate on the sidewalk), *Irvine v. Greenwood,* 89 S. C. 511, 72 S. E. 228, 36 L. R. A., N. S., 363 (an electrically charged chain hanging over the drain), *Heath v. Darlington,* 171 S. C. 196, 171 S. E. 916, Id., 175 S. C. 27, 177 S. E. 894, (the fall of an overhanging advertising sign), *Terrell v. Orangeburg,* 176 S. C. 518, 180 S. E. 670 (a water hose on the sidewalk), *Bruce v. Spartanburg,* 187 S. C. 322, 197 S. E. 823 (an open ditch across the street), *Young v. Camden,* 187 S. C. 414, 198 S. E. 45 (an unlighted traffic marker in the street), and *Inabinett v. State Highway Department,* 196 S. C. 117, 12 S. E. (2d) 848 (the fall of a decayed tree overhanging the highway), all involved objects on or above a street or highway, which, as has been pointed out, is not this case. The danger resulting from the use of the explosive gas, or the manner in which it was used, in the building occupied by Wessells in the Market, existed adjacent to, but not in, or as a part of, Assembly Street, and is not within the enabling statute, Sec. 7345. Plaintiff is therefore without redress against the City and the demurrer was properly sustained.

The cases closest to this are *Caston v. Rock Hill, supra,* 107 S. C. 124, 92 S. E. 191, and *Inabinett v. Highway Department, supra,* 196 S. C. 117, 12 S. E. (2d) 848. The first of these involved a gate, erected on the premises of an adjoining owner, but there was conspicuous danger in its decayed condition of falling across the sidewalk from which

it should have been foreseen that it would constitute a defect in the street and be apt to injure a pedestrian. The other, the *Inabinett case,* was occasioned by the fall of a noticeably decayed tree which overhung the highway, although just off the right-of-way. The cases are distinguished from this in that there is no allegation of a visible defect on the exterior of Wessells' building. It appeared to constitute no danger to travelers on Assembly Street; and there is no statutory liability upon the City in case of injury, as here, for negligent acts within the building however they may have been contributed to by the lack of care and attention by the employees of the city who are referred to in the complaint. See the quotations from it, *supra.*

The gate in the *Caston case,* and the tree in *Inabinett's case* constituted observable potential obstructions to travelers and their imminent fall should have been foreseen in the reasonable maintenance of the street and highway, respectively. It is not contended here that Wessells' market building was an obstruction of Assembly Street whereby the deceased was injured. That is the simple rationale of the present decision. The building was not a part or obstruction of the street, so it cannot reasonably be said to have been a defect in the street, for which only the city is liable under the statute.

While the general liability for tort of municipal corporations is more restricted under our law than in most other States, there is apparent unanimity of opinion in the particular circumstances under consideration. The facts of the subject case of the annotation in 93 A. L. R. 1351, which is *Whittaker v. Franklinville,* 265 N. Y. 11, 191 N. E. 716, 719, are of some similarity. Plaintiff, while in an automobile on an adjoining street, was injured by being struck by a piece of a cannon which exploded when fired in a July Fourth celebration in a municipal park. The celebration was held with the passive permission of the municipality and some of its officers were present. The court con-

cluded against liability and said: "To permit a recovery against municipal corporations for injury resulting from acts of third parties similar to those in the cases at bar, upon land outside of a street, which results in injury to one on a street, would constitute an unjustifiable extension of liability of municipal corporations."

*Earle v. Concord, Mass.*, 260 Mass. 539, 157 N. E. 628, 629, 53 A. L. R. 762, involved injury in a collision of automobiles in a city street caused by blinding smoke from fire on an adjacent refuse dump which was operated by permission of the city. Demurrer was sustained and it was held that the condition was not a defect or want of repair of the street within the applicable statute. Differentiating the case from earlier cited Massachusetts cases the court through Chief Justice Rugg said that it was distinguishable because the other cases (of liability) were of "an overhanging awning, a sagging wire, a protruding limb of a tree or such substantial physical obstructions (as) have been held to be susceptible of being found to be defects." Additional cases of like import in other jurisdictions are included in the appended annotation, 53 A. L. R. 764, from which the editor concludes as follows: "The courts have held generally that the public authorities are not liable for injuries caused by conditions beyond the limits of the highway, which affect the safety or comfort of travel."

*Kreiger v. Village of Doyleston*, 1927, 25 Ohio App. 286, 158 N. E. 197, was a suit for damages for an eye injury to a pedestrian who was struck by a bullet which ricocheted from a shooting gallery set up in the street under license from the town on occasion of a celebration of home-coming. The case is strikingly similar in facts to this. Demurrer was sustained and the court said:

"From a careful reading of the petition it will be observed that the gist of the complaint is not that the shooting gallery was being operated in the street, or that the

gallery was in itself an obstruction in the street that caused the injury, or that it was necessarily or intrinsically dangerous to have the gallery in the street, but rather that the injury was caused by the careless and negligent operation of said shooting gallery, and that the village is answerable therefor, because its officers permitted or did not prevent such careless and negligent operation. It clearly appears from the face of the petition that if the village is liable for the injury complained of, such liability is not founded upon any defective condition of the street itself, or upon any obstruction in the street by reason of the shooting gallery being located therein, but that its liability is based upon whether or not it is liable for its failure to supervise and regulate the kind of target and bullets that were being used in said shooting gallery.

\* \* \*

"It will be further observed that the condition of the street itself is one thing, but that the manner in which it is being used is quite a different thing. For the safe condition of the street itself the municipality is liable—made so by statute in Ohio (section 3714, General Code), but for its unlawful or improper use the municipality is not liable (*Custer v. City of New Philadelphia*, 20 Ohio Cir. Ct. R. 177).

\* \* \*

"It is well settled in Ohio that the meaning of a pleading must be fairly ascertained from the whole instrument. The complaint not being grounded upon the condition of the street itself, or on account of an obstruction in the street caused by said gallery being located therein, but being based only upon the negligent operation of the gallery, the allegation in the petition, 'that the village was to receive a certain sum of money for the use of said street,' is immaterial, and of no determinative effect upon the liability of defendant under the allegations of the petition when fairly construed as a whole."

After the case in hand, the decision last cited is, of our cases, most like *Gilchrist v. City of Charleston*, 115 S. C. 367, 105 S. E. 741, where plaintiff was injured by fireworks which were allowed by the police to be fired in the street. Demurrer to the complaint was sustained.

It was recited in the order of the lower court that other cases were then pending against the city for damages to persons and property which resulted from the explosion, that the city had demurred in each of the cases and hearings were had at the same time as in this case; that it was agreed between counsel for the city and counsel representing the various plaintiffs in the other actions that the decision on the demurrer in this case would govern the others as to whether under the allegations of the complaint there was a defect in the street within the meaning of the statute; and that separate orders would be passed in these other cases which were listed, as follows: "*George Bell Gantt, as Administrator, etc. v. City of Columbia and Wessells' Estate*, a suit under Lord Campbell's Act; *George Bell Gantt, as Administrator, etc., v. City of Columbia and Wessells' Estate*, a suit under the Survival Statute; *Walter Eadney v. City of Columbia*, a suit for personal injury; *George Bell Gantt v. City of Columbia and Wessells' Estate*, a suit for property damage; *Joe M. Dixon, by Guardian, v. City of Columbia*, a suit for personal injury; *Philip Eugene Vaughn, by Guardian, v. City of Columbia and Wessells' Estate*, a suit for personal injury; *Thomas Williams v. City of Columbia and Wessells' Estate*, a suit for personal injury; *John Eadney v. City of Columbia and Wessells' Estate*, a suit for property damage; and *Jessie B. Cherry v. City of Columbia*, a suit for property damage."

The agreed transcript of record contains a recital to the same effect and a listing of the other cases identical with that in the order, which has just been quoted.

The situation is now complicated by the circumstance that appellant has belatedly cited, for the first time in his

petition for rehearing of this case, section 7456 of the Code of 1942 which provides with reference to a city there referred to, as follows: "The said city shall be liable for all damages done to the property of any citizen thereof, or property holder therein, any of the officers, agents or servants under and by virtue of any authority or orders of said city council." (Sic.)

In the supplemental brief of appellant, which was submitted upon the second argument of the case, there is the following: "It is true that all of the plaintiffs-appellants agreed to be bound by the decision of this Honorable Court in its decision in the present case now before it but the plaintiffs-appellants were taken totally by surprise by the consideration by this Honorable Court of the special statute law of this state upon the respondent's demurrer when that statute law had not been pleaded. Therefore, we request that the Court consider that the cases of the plaintiffs-appellants now before it which involve injury to personal property or to real property as if Section 7456 of the Code were pleaded therein. These cases are *John Eadney v. The City of Columbia, S. C., and Gaynell Blossom Wessells, as Executrix of the estate of Nolan W. Wessells; Jessie B. Cherry v. The same defendants,* and *George Bell Gantt v. the same defendants.*"

The cited section of the Code (No. 7456) is patently inapplicable to this case which is not for the recovery of damages to property. The other cases are not before us and so far as the pertinency and effect of this statute or its availability to the stated plaintiffs is concerned, the other pending actions are unaffected by this decision, and no opinion thereabout is expressed or intended to be intimated; nor will the recited agreement of counsel be now passed upon in any respect.

Affirmed.

BAKER, C.J., and FISHBURNE, TAYLOR and OXNER, JJ., concur.