16901

HICKS v. CITY OF COLUMBIA

(83 S. E. (2d) 199)

554

*Isadore S. Bernstein, Esq.,* of Columbia, *for Appellant,*

*Messrs. John W. Sholenberger* and *Paul A. Cooper,* of Columbia, *for Respondent,*

August 5, 1954.

Taylor, Justice.

This appeal is from an order sustaining a demurrer to appellant's complaint and poses the sole question of whether or

not the complaint which alleges that plaintiff was injured by reason of a defect in a swing in a public park within the City of Columbia, said defect arising out of the neglect and mismanagement of the city, states a cause of action under Section 47-70 of the South Carolina Code of Laws for 1952.

The complaint, omitting the formal parts, alleges that plaintiff, a minor, is a resident of the City of Columbia and that on or about March 29, 1952, at about 8 o'clock, p. m., the plaintiff visited Valencia Park in the City of Columbia, the same being a public park maintained, operated and controlled by the defendant for the purpose of providing recreational facilities and activities for the youth of the City of Columbia; that among the amusement devices and instrumentalities at the said park under the management and control of the defendant are certain swings attached to cross bars by means of chains, to permit swinging thereon by persons attending the said park; that at the time aforementioned, the plaintiff entered upon one of the swings at the said park under the control of the defendant and began swinging thereon; that while plaintiff was so engaged, the said swing was caused to and did break, by reason of the negligence and carelessness of the defendant in the management and control of the same as hereinafter alleged, causing the plaintiff to be thrown to the ground with great force and violence, and causing severe bodily injuries to the plaintiff as hereinafter alleged.

That the injuries and resulting damages to the plaintiff were caused and occasioned directly and proximately by the negligence and carelessness of the defendant, its agents and servants, in the following particulars, among others, to wit:

a. In inviting persons, particularly the plaintiff herein, to attend a public park under the management and control of the defendant without keeping the same in a reasonably safe condition to avoid injuries and damages to them.

b. In failing to keep the swings at the said park in a reasonably safe condition for the use of persons lawfully thereon, particularly the plaintiff herein.

c. In causing and permitting the swings at the said park under the management and control of the defendant to become defective and dangerous to the lives and safety of persons lawfully using the same, particularly the plaintiff herein.

d. In failing to notify or to warn the plaintiff of the danger to which he was exposed by reason of the defective condition of the swing at the said park under the management and control of the defendant.

e. In failing to make any inspection of the swings at the said park under the control of the defendant so as to discover that the same was defective and dangerous to the lives and safety of persons lawfully using the same, particularly the plaintiff herein.

f. In failing to pose adequate attendants or other supervisory personnel at the said park for the protection of persons lawfully using the facilities thereof, particularly the plaintiff herein.

g. In failing to take any precautions whatsoever to prevent the swing at said park under the control of the defendant from becoming defective and dangerous to the lives and safety of persons lawfully using the same, particularly the plaintiff herein.

h. In keeping and permitting an instrumentality under the control and management of the defendant to become defective and dangerous to the lives and safety of persons using the same, in violation of Section 47-70 of the South Carolina Code of Laws for 1952.

That the injuries and resulting damages to the plaintiff were caused and occasioned solely by the negligence and carelessness of the defendant as aforesaid and plaintiff did not in any way bring about such injury or damage by his own negligent action or negligently contribute thereto.

That by reason of and in consequence of the negligence and carelessness of the defendant, its agents and servants as aforesaid and as a direct and proximate result thereof, the plaintiff was bruised, injured, and lacerated in and about his

body and broke his right arm, and sustained severe shock to his nervous system, and plaintiff is informed and believes that said injuries are of a permanent nature, as a result of which plaintiff was hospitalized for a long period of time and was unable to attend to his school work and his ordinary affairs and duties, and has suffered and will suffer great pain and mental anguish, and was incapacitated for a long period of time, and has been otherwise damaged, all to his damage in the sum of $15,000.00.

The demurrer interposed states:

"Now comes the City of Columbia, the defendant in the above entitled case and demurs to the Complaint upon the ground that the Complaint fails to state a cause of action against the defendant, the City of Columbia, in that it fails to allege any actionable negligence on the part of the City and upon the further ground that the negligence alleged in the Complaint was not such as to render the City of Columbia liable in damages."

Section 47-70 of the South Carolina Code of Laws for 1952, appears as follows:

"Any person who shall receive bodily injury or damages in his person or property through a defect in any street, causeway, bridge or public way or by reason of a defect or mismanagement of anything under control of the corporation within the limits of any city or town may recover in an action against such city or town the amount of actual damages sustained by him by reason thereof if such person has not in any way brought about any such injury or damage by his own negligent act or negligently contributed thereto.

"If any such defect in a street, causeway or bridge existed before such injury or damage occurred, such damage shall not be recovered by the person so injured if his load exceeded the ordinary weight. And a corporation shall not be liable unless the defect was occasioned by its neglect or mismanagement."

Appellant relies principally upon the cases of *Haithcock v. City of Columbia,* 115 S. C. 29, 104 S. E. 335; *Irvine v. Town of Greenwood,* 89 S. C. 511, 72 S. E. 228, 36 L. R. A., N. S., 363; and *Stone v. City of Florence,* 94 S. C. 375, 78 S. E. 23, to sustain his contention that a public park is encompassed within the definition of the words "street" and "public way" within the meaning of the statute; and these cases do, by implication at least, lend strong support to this position. However, since these cases were decided, this Court has confined the interpretation of the meaning of the words "by reason of defect or mismanagement of anything under the control of the corporation" as relating to something used to maintain and keep the streets in reasonable repair, for the purpose of safe travel. *Reeves v. City of Easley,* 167 S. C. 231, 166 S. E. 120, and the recent case of *Abernathy v. City of Columbia,* 213 S. C. 68, 48 S. E. (2d) 585.

It is useless to unduly extend this Opinion as there is no longer any doubt under the *Reeves* and *Abernathy cases, supra,* that for one to sustain an action against a municipality under Section 47-70 such injury must arise through a defect in a street, causeway, bridge or public way and that the terms "defect" or "mismanagement" of anything under the control of the corporation within the limits of said city or town relate to the maintenance of such street, causeway, bridge or public way for safe travel. To hold otherwise would conceivably have the effect of broadening the permissory statute by judicial decree and thereby bring about that which the legislature has within its prerogative not done.

We are of the opinion that the Order appealed from should be affirmed and It Is So Ordered.

STUKES, OXNER and LEGGE, JJ., and J. FRANK EATMON, A. A. J., concur.