17028

JOHN L. FAIREY, Appellant, v. THE CITY OF ORANGEBURG, Respondent

(88 S. E. (2d) 617)

*Messrs. Moss & Moss,* of Orangeburg, *for Appellant,*

*Messrs. Rosen, Horger & Sims,* of Orangeburg, *for Respondent,*

July 12, 1955.

LEGGE, Justice.

This appeal is from an order sustaining a demurrer to a complaint, the allegations of which were substantially as follows:

Between July 28 and November 4, 1953, the city of Orangeburg, a municipal corporation of more than five thousand inhabitants, maintained on its trash and garbage dump a herd of swine, to which it fed uncooked garbage although it had no permit from the proper state or county authorities to do so, and although it knew that such practice was likely to infect the herd with vesicular exanthema, a highly contagious and often fatal disease. On October 16, 1953, the city was notified that its herd would be quarantined if such feeding practice continued, but it failed to heed the warning, and a notice of quarantine was mailed to it on October 28, 1953. On the date last mentioned, the city sold some of its hogs, which were infected with vesicular exanthema, through Peoples Livestock

Market, a large auction market in or near the city limits; and these hogs infected other hogs at that market, among them certain grade hogs that the plaintiff purchased there on the same day for the purpose of feeding out and resale. Plaintiff, a farmer of Orangeburg county, was engaged primarily in raising purebred Berkshire hogs for breeding purposes; and at the time of his purchase just mentioned his herd consisted of forty-six purebred Berkshire and forty-seven grade hogs. From the infected hogs so purchased by the plaintiff, the disease rapidly spread among his herd, with the result that the entire herd was condemned and had to be slaughtered and buried, and his farm was so contaminated that it was quarantined and the plaintiff was prohibited (up to the time of the commencement of the action, March 24, 1954) from maintaining any hogs thereon. As the result of the said conduct of the defendant city, which the complaint characterized as negligent, wilful and wanton, plaintiff alleged that he lost his hogs, his feed crops, and the good will of his business, and was put to the cost of slaughtering and burying his hogs, to his damage in the sum of $15,000.00. Anticipating that Section 47-379 of the 1952 Code would be pleaded in bar, he alleged that its restrictive provisions, so far as they might be construed as applicable to his cause of action, are in violation of the "equal protection" clauses of the state and federal constitutions.

Section 47-379 of the 1952 Code, which relates to cities of over five thousand inhabitants, reads as follows:

"Any such city shall be liable for all damages done to the property of any citizen thereof, or property holder therein, by any of its officers, agents or servants under and by virtue of any authority or orders of the city council."

Defendant having demurred upon the ground that the complaint failed to allege facts sufficient to constitute a cause of action against it, Judge Brailsford, in his order sustaining the demurrer, held:

1. That since the complaint failed to allege that the plaintiff belonged to either of the two classes to whom a right of action is given by Section 47-379, it failed to state a cause of action under that statute;

2. That Section 47-379 expresses a single legislative purpose, and the limitation imposed by the words "thereof" and "therein" cannot be construed as a separable provision; and

3. That since the provisions of the statute under which the plaintiff had laid his cause of action were not separable, it was unnecessary to determine whether the statute as a whole violated the "equal protection" provisions of the state and federal constitutions.

Appellant's exceptions, six in number, present three questions for determination here, namely:

1. Is Section 47-379 to be construed as partially unconstitutional, to the extent that it limits the right of action therein conferred to citizens of, and property holders in, the municipalities concerned?

2. If the provisions of Section 47-379 are inseparable, do Article 1, Section 5 of the Constitution of South Carolina and the Fourteenth Amendment of the Constitution of the United States confer upon the plaintiff, despite the limitations of the statute, the same rights that are conferred by the statute upon citizens of and property holders in the municipality?

3. Was the last proviso in Section 22 of the act of February 19, 1901 XXIII Stat. at Large 648, which is now Section 47-379 of the 1952 Code of Laws, ever repealed?

It has long been the settled law of this state that except where the act complained of in effect constitutes a taking of private property for public use without just compensation, which is not the case here, municipal corporations are not liable in tort unless made so by statute. *Randal v. State Highway Department,* 150 S. C. 302, 148 S. E. 57; *Oswald v. City of Orangeburg,* 154

S. C. 105, 151 S. E. 230; *Reeves v. City of Easley,* 167 S. C. 231, 166 S. E. 120; *Sherbert v. School District No. 85, Spartanburg County,* 169 S. C. 191, 168 S. E. 391; *Brooks v. One Motor Bus, etc.,* 190 S. C. 379, 3 S. E. (2d) 42; *Rice Hope Plantation v. South Carolina Public Service Authority,* 216 S. C. 500, 59 S. E. (2d) 132. It is equally clear that a statute which purports to effect a waiver of the sovereign immunity from suit in favor of an individual or a class violates the constitutional provisions guaranteeing to all persons the equal protection of the laws, unless the diversity is based upon a reasonable classification. *Sirrine v. State,* 132 S. C. 241, 128 S. E. 172.

Appellant, recognizing that there is no statutory basis for his cause of action unless it be found in Section 47-379, and that he does not come within the class of suitors favored thereby, first resorted, in the lower court, to the theory that the section may be construed as composed of two separable provisions, namely: (a) one lawful, which gives to all persons the right to sue the municipality "for all damages done to * * * property * * * by any of its officers, agents or servants under and by virtue of any authority or orders of the city council"; and (b) one unlawful, which denies that right to persons who are neither citizens of, nor holders of property in, the municipality. He contended that by striking from the section the words "thereof" and "therein", the statute would remain complete in itself, capable of being executed, wholly independent of the portion rejected, and that such was a fair presumption of the legislative intent. But we agree with the lower court that Section 47-379, a single sentence, expresses a single legislative purpose, that there is no sound basis for assuming an intent on the part of the legislature to accord the right of action to any persons outside of the classes mentioned, and that the provisions of the statute are therefore inseparable.

Having thus correctly disposed of the contention of separability, Judge Brailsford concluded that it was unneces-

sary to pass upon the constitutional issue raised by the plaintiff, for the reason that it was incumbent upon the plaintiff to show both that the classification adopted by the Legislature was unconstitutional and that the provisions for classification were separable under the doctrine of partial invalidity.

One whose rights are impaired by a statute is not, merely because its provisions are inseparable, precluded from attacking its constitutionality upon the ground that it has deprived him of property without due process of law or, because of unreasonable or arbitrary classification, has denied him the equal protection of the laws. But in the case at bar the statute has not deprived appellant of any right of action against the city, because no such right existed in his favor prior to its enactment. Nor would his cause be aided if the classification prescribed by the statute were held unreasonable or arbitrary; its provisions being inseparable, the statute must stand or fall as a whole, and its fall would leave appellant in no better plight than he was before its passage.

Appellant's exception No. 6 (Question No. 3) raises no substantial issue. He states in his brief that it was taken solely for the purpose of avoiding the possibility of an erroneous impression, from the reference in Judge Brailsford's order to the concurring opinion of Acting Associate Justice Blease in *Jackson v. City of Columbia,* 174 S. C. 208, 177 S. E. 158, that Section 22 of the Act of February 19, 1901, may have been repealed by having been omitted from the 1902 and subsequent codes. As a matter of fact, it has been incorporated in each code since its passage: in the Code of 1902, as section 1968; of 1912, as section 2927; of 1922, as section 4571; of 1932 and 1942, as section 7456; and 1952, as section 47-379.

Affirmed.

BAKER, C. J., and STUKES, TAYLOR and OXNER, JJ., concur.