20791

Patricia B. WRIGHT, Appellant, v. The CITY OF NORTH
CHARLESTON, Respondent.

(248 S. E. (2d) 480)

*Stringer & Stringer,* Charleston, *for appellant.*

*James E. Gonzales,* North Charleston, *for respondent.*

October 24, 1978.

LEWIS, Chief Justice.

This action was brought, pursuant to Section 5-7-70 of the 1976 Code of Laws, against respondent, The City of North Charleston, to recover for personal injuries sustained as a result of a defect in a merry-go-round situated in a public park under the control of the respondent. The complaint alleged that respondent was negligent in allowing the merry-go-round to operate in a defective condition. This appeal is from an order sustaining a demurrer to the complaint upon the ground that it failed to state a cause of action within the purview of Section 5-7-70. Affirm.

It is the settled law of this State that, except as expressly permitted by statute, municipal corporations are not liable in damages for a tort committed by any of its officers or agents. *McKenzie v. City of Florence,* 234 S. C. 428, 108 S. E. (2d) 825.

While appellant argues that we should overturn our long standing rule of sovereign immunity, the sole question presented by the exceptions is whether such governmental immunity has been waived by Section 5-7-70 so as to permit the present action for the recovery of damages sustained from a defective merry-go-round situated in a park or public playground operated by the city.

The pertinent provisions of Section 5-7-70 permit actions against a city or town to recover for bodily injury or damages to person or property sustained through "a defect in any street, causeway, bridge or public way or by reason of a defect or mismanagement of anything under control of the corporation within the limits of any city or town".

Appellant argues that her injuries resulted from a "defect or mismanagement" of the merry-go-round which was "under the control" of the respondent city and, therefore,

under the plain language of the above quotation from Section 5-7-70, the present action is permitted, relying mainly upon the case of *Haithcock v. City of Columbia,* 115 S. C. 29, 104 S. E. 335, decided in 1920.

The lower court, in sustaining the demurrer, relied upon the later decisions of *Hicks v. City of Columbia,* 225 S. C. 553, 83 S. E. (2d) 199 (1954) and *Furr v. City of Rock Hill,* 235 S. C. 44, 109 S. E. (2d) 697 (1959).

While the *Haithcock* decision, standing alone, might possibly lend support to appellant's contention, its authority for any such holding has been completely eroded by subsequent decisions of this court, as conclusively shown by the following from the *Hicks* case, which deals with the liability of the City of Columbia for injuries sustained by reason of a defect in a swing in a public park within the city:

Appellant relies principally upon the cases of *Haithcock v. City of Columbia,* 115 S. C. 29, 104 S. E. 335; *Irvine v. Town of Greenwood,* 89 S. C. 511, 72 S. E. 228, 36 L. R. A., N. S., 363; and *Stone v. City of Florence,* 94 S. C. 375, 78 S. E. 23, to sustain his contention that a public park is encompassed within the definition of the words 'street' and 'public way' within the meaning of the statute; and these cases do, by implication at least, lend strong support to this position. However, since these cases were decided, this Court has confined the interpretation of the meaning of the words 'by reason of defect or mismanagement of anything under the control of the corporation' as relating to something used to maintain and keep the streets in reasonable repair, for the purpose of safe travel, *Reeves v. City of Easley,* 167 S. C. 231, 166 S. E. 120, and the recent case of *Abernathy v. City of Columbia,* 213 S. C. 68, 48 S. E. (2d) 585.

It is useless to unduly extend this Opinion as there is no longer any doubt under the *Reeves* and *Abernathy* cases, *supra,* that for one to sustain an action against a municipality under Section 47-70 [now Section 5-7-70] such in-

jury must arise through a defect in a street, causeway, bridge or public way and that the terms 'defect' or 'mismanagement' of anything under the control of the corporation within the limits of said city or town relate to the maintenance of such street, causeway, bridge or public way for safe travel.

The foregoing language from *Hicks* was subsequently quoted with approval in the *Furr* case, decided in 1959.

Since the injuries complained of did not arise through a defect in the street or public way or in the maintenance thereof, the present complaint fails to state a cause of action within the scope of Section 5-7-70, and the lower court was correct in sustaining the demurrer on that ground.

Judgment affirmed.

LITTLEJOHN, RHODES and GREGORY, JJ., concur.

NESS, J., dissents.

NESS, Justice.

For the reasons stated in my dissenting opinion in *Boyce v. Lancaster County Natural Gas Authority*, 266 S. C. 398, 223 S. E. (2d) 769 (1976), I respectfully dissent.