20876

Carl Francis LYON and Mrs. Sophia Lyon, Respondents, v. CITY OF SUMTER, Appellant.

(252 S. E. (2d) 118)

*Lee, Moise, Myers & Erter,* Sumter, *for appellant.*

*Levi & Wittenberg,* Sumter, *for respondents.*

February 6, 1979.

GREGORY, Justice:

Respondents Carl Francis Lyon and Mrs. Sophia Lyon brought this action against appellant City of Sumter to recover damages for property loss. The lower court held the action could be maintained under Section 47-379, 1962 Code of Laws of South Carolina, and overruled appellant's demurrer to the complaint. We reverse.

The facts are not disputed. The respondents are citizens, residents and property holders of the City of Sumter, an incorporated municipality containing more than five thousand inhabitants. On August 3, 1975 the respondents' home in Sumter was destroyed by fire. This action was commenced in December 1975. The complaint alleges that the Sumter Fire Department, acting under the authority of the Sumter City Council, negligently failed to properly respond to and extinguish the fire in the respondents' home, thereby proximately causing it to be totally destroyed. The complaint alleges that the action is expressly authorized by Section 47-379 and Section 47-380, 1962 Code, which provide:

§ 47-379. Liability for acts of officers—Any such city shall be liable for all damages done to the property of any citizen thereof, or property holder therein, by any of its officers, agents or servants under and by virtue of any authority or orders of the city council.

§ 47-380. Liability of officers for abuse of office, etc.— For any wilful violation or neglect of duty, malpractice, abuse or oppression the mayor or any alderman in cities of

over five thousand inhabitants so offending shall be liable to punishment by fine not exceeding one hundred dollars or imprisonment not exceeding thirty days, besides being liable for damages to any person injured by such neglect, malpractice, abuse or oppression.

The City of Sumter demurred to the complaint on the ground the suit was barred by the doctrine of sovereign immunity.

The lower court found that Section 47-379, 1962 Code, constituted an express waiver of sovereign immunity and overruled the demurrer.[1] This appeal by the City of Sumter followed.

Section 47-379, 1962 Code, was repealed by Act No. 283 of the 1975 Acts of the General Assembly [the "Home Rule" Act]. The parties have stipulated, however, that Section 43-379, 1962 Code, was in effect at the time the Lyons' home burned, and is applicable to this lawsuit.

The question presented by this appeal is whether Section 47-379, 1962 Code, authorizes an action by Mr. and Mrs. Lyon against the City of Sumter to recover for the loss of their home.

Section 47-379, 1962 Code, was enacted as a proviso attached to Section 22 of Act No. 377 of the 1901 Acts of the General Assembly. Act 377 of 1901 was entitled: "An Act to Provide for the Incorporation of Cities of More Than Five Thousand Inhabitants." Section 22 of Act No. 377 of 1901 authorized *ex delicto* actions for defects in the streets against cities having more than five thousand inhabitants and read in its entirety as follows:

Any person who shall receive bodily injury or damage in his person or property, through a defect in any street, causeway, bridge or public way, or by reason of defect or mismanagement of anything under the control of the corpora-

---

[1] The lower court made no finding concerning Section 47-380, 1962 Code.

tion within the limits of such city, may recover, in an action against the same, the amount of actual damages sustained by him by reason thereof. If any such defect in a street, causeway or bridge existed before such injury or damages occurred, such damage shall not be recovered by the person so injured if his load exceeded the ordinary weight: Provided, That said corporation shall not be liable unless said defect was occasioned by its neglect or mismanagement: Provided, further, Such person has not in any way brought about such injury or damage by his or her own negligent act or negligently contributed thereto: *Provided, further, that said city shall be liable for all damages done to the property of any citizen thereof or property holder therein by any of the officers, agents or servants under and by virtue of any authority or orders of said City Council.* (Emphasis added.)

Section 22 of Act No. 377 of 1901, with the exception of the last proviso, is identical to Act No. 40 of the 1892 Acts of the General Assembly.

Act No. 40 of 1892 was entitled as follows:
An Act Providing for a Right of Action Against a Municipal Corporation for Damages Sustained by Reason of Defects in the Repair of Streets, Sidewalks and Bridges Within the Limits of Such Municipal Corporation.

Act No. 40 of 1892 was a general law authorizing *ex delicto* actions for defects in the streets against all municipalities regardless of size. Section 22 of Act No. 377 of 1901, with the exception of the last proviso and certain grammatical changes, was a verbatim re-enactment of Act No. 40 of 1892.

When the 1902 Code of Laws was adopted, Section 22 of Act No. 377 of 1901 was broken into two parts. The first part, being identical to Act No. 40 of 1892, was codified together with Act No. 40 of 1892 as Civil Code Section 2023. The remaining part of Section 22 of Act No. 377 of 1901, consisting of the last proviso, was codified as Civil

Code Section 1968. This organization was followed by every subsequent revision of the code. Civil Code Section 2023 appears in the 1962 Code as Section 47-70, and Civil Code Section 1968 appears in the 1962 Code as Section 47-379.

"In the codification of a statute, the mere rearrangement of its sections, or the combination of several of its sections into one code section, or the breaking up of one of its sections, with no substantial change in phraseology, does not change the meaning, purpose, operation or effect thereof unless an intention to do so clearly appears." *State v. Conally,* 227 S. C. 507, 88 S. E. (2d) 591 (1955).

Here, Section 22 of Act No. 377 of 1901 was separated into two parts so that two identical "defect in the streets" provisions could be codified as one code section. This does not evidence a clear intention on the part of the legislature to change the original meaning, purpose, operation or effect of Section 22 of Act No. 377 of 1901.

Since Section 47-379, 1962 Code, and Section 47-70, 1962 Code [1902 Civil Code Section 2023] were taken from the same Act, they should be construed together. *Raggio v. Woodmen of the World Life Insurance Society,* 228 S. C. 340, 90 S. E. (2d) 212 (1955). When this is done it becomes apparent that Section 47-379, 1962 Code, is applicable only to *ex delicto* actions connected with the obligation of a municipality to keep its streets in a condition of reasonable safety. *Furr v. City of Rock Hill,* 235 S. C. 44, 109 S. E. (2d) 697 (1959).

The lower court relied on *Fairey v. City of Orangeburg,* 227 S. C. 458, .88 S. E. (2d) 617 (1955); *Abernathy v. City of Columbia,* 213 S. C. 68, 48 S. E. (2d) 585 (1948); and *Jackson v. City of Columbia,* 174 S. C. 208, 177 S. E. 158 (1934) as authority for its order overruling appellant's demurrer. The issue presented in each of those cases was resolved without reaching the issue presented by this appeal, and the statement in *Fairey, supra, Abernathy, supra,*

and *Jackson, supra,* discussing the application of Section 47-379, 1962 Code, are not dispositive of this appeal.

Accordingly, the order of the lower court overruling appellant's demurrer to the respondents' complaint is reversed.

Reversed.

LEWIS, C. J., and LITTLEJOHN and RHODES, JJ., concur.

NESS, J., dissents.

NESS, Justice (dissenting) :

I dissent, being convinced the common law doctrine of sovereign immunity is an obsolete, inequitable principle which should be discarded.

The doctrine, as it exists today, is an illegitimate version of the original maxim that "the king can do no wrong." The basis for the doctrine has long since vanished and it is time to re-examine the rule in light of reality.

Sovereign immunity had its genesis in this country following the Revolutionary War. It was based on the economically practical consideration that the young government could not bear the financial burden of negligence claims. The logic which spawned the doctrine of sovereign immunity, however sound it may have been in its inception, is no longer compelling. In view of the reality that liability insurance is available and is in widespread use, the doctrine has become an anachronism. When the reason behind a rule is whittled away by the passage of time, the rule should not persevere on the ground of *stare decisis* alone. As recognized by Roscoe Pound in Interpretations of Legal History, "law must be stable and yet it cannot stand still."

The majority's dogged adherence to this outmoded concept is incomprehensible to me. To date, more than 38 states have either abolished or amended the doctrine of sovereign immunity. I attempted in my dissent in *Boyce v. Lancaster County Natural Gas Authority,* 266 S. C. 398, 223 S. E.

(21) 769 (1976), to trace the history of the doctrine from its colonial beginnings to its modern demise. Sufice it to say that I believe the principle of *stare decisis* cannot resuscitate a doctrine which has been discredited by actual experience and eclipsed by considerations of fairness and justice.

I would abolish the sovereign immunity doctrine in its entirety and hold prospectively that where an individual suffers a direct, personal injury or property loss proximately caused by the negligence of a governmental unit or its employee while acting within the scope of employment, the injured individual may recover for the wrong.

The wrong complained of here comes squarely within the language of Code §§ 47-379 and 47-380 (1962). The wording of Code § 47-379 could not be plainer: "Any such city shall be liable for *all damages done to the property* of any citizen thereof . . ." (Emphasis supplied.)

The majority's interpretation of the above provisions is tortured and contrived. Moreover, in an attempt to justify its construction of the statutes by reference to the parent legislation, the majority overlooks this broad language contained in § 22 of Act No. 377 of 1901:

"Any person who shall receive bodily injury or damage in his person or property through a defect in any street, causeway, bridge or public way, *or by reason of defect or mismanagement of anything under the control of the corporation* . . . may recover . . ." (Emphasis supplied.)

The majority, in failing to recognize the express language of the statutes and the reality of liability insurance, has done a disservice to the citizens of this State who remain powerless to redress wrongs committed against them by municipalities.

I would affirm.