LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.

## 21480

Whitten E. LITTLE, Joseph W. Little and William A. Little, Appellants, v. The CITY OF MYRTLE BEACH, South Carolina, Respondent.

(279 S. E. (2d) 131)

*William A. Little, pro se, for appellants.*

*McCrackin & Barnett,* Myrtle Beach, *for respondent.*

June 4, 1981.

*Per Curiam:*

This appeal is from a decision of the trial judge sustaining the demurrer of the respondent City of Myrtle Beach to an action brought pursuant to Section 5-7-70, Code of Laws of South Carolina (1976) for alleged damages · to real and personal property caused by alleged defects in or mismanagement of surface water drainage facilities. The trial judge ruled that prosecution of the suit was barred by application of the doctrine of sovereign immunity. We agree.

Except as expressly permitted by statute, municipal corporations are not liable in damages for torts committed by any of their officers or agents. *Wright v. City of North Charleston,* 271 S. C. 515, 248 S. E. (2d) 480 (1978). An exception to the general rule arises under Section 5-7-70, which provides in part that:

"[a]ny person who shall receive bodily injury or damages in his person or property through a defect in any street, causeway, bridge or public way or by reason of a de-

fect or mismanagement of anything under control of the corporation within the limits of any city or town may recover in an action against such city or town the amount of actual damages sustained by him by reason thereof."

However the liability of a municipality under this statute is limited to those injuries or damages which arise while the street or public way is being used for travel. *Furr v. City of Rock Hill,* 235 S. C. 44, 109 S. E. (2d) 697 (1959).

The damages appellants complain of arose from alleged defects or negligent mismanagement of drainage facilities which caused appellants' yard and basement to be flooded. Hence, no cause of action has been stated under Section 5-7-70.

Affirmed.

HARWELL, Justice (dissenting):

Being of the opinion that governmental or sovereign immunity is no longer an acceptable, viable doctrine, I respectfully dissent. See *Boyce v. Lancaster County Natural Gas Authority,* 266 S. C. 398, 223 S. E. (2d) 769 (1976), Ness, J., dissenting opinion.

I would reverse and remand for a new trial of the matter.

NESS, J., concurs.