The opinion of the Court was delivered by
HtjckeR, J.
If a multiplicity of actions is to be avoided, this motion must succeed. It is difficult to imagine a more prolific source of litigation than would be found in the responsibility of the Commissioners of the Hoads, in private actions, for every neglect of duty, to every individual who may be injured by such neglect.
In the case of Russell v. The Men of Devon, 2 T. R. 667, it was ruled, that such an action would not lie against an overseer of the roads for an error of judgmeut in the execution of his trust. No case has *been found, in which such an action has been sustained. Where an officer has been appointed to act, not for the public in general, L but for individuals in particular, and from each individual, receives an equivalent for the services rendered him, he may be responsible in a private action, for a neglect of duty, but where the officer acts for the public in general, the appropriate remedy for his neglect of duty, is a public prosecution. Harman v. Tappenden, et al., 1 East. 555. And such has been the practice in this State.
The motion is, therefore, granted.
Coicock, J., concurred.
Richardson, J., dissented.