YOUNG v. CITY COUNCIL OF CHARLESTON.

1. One injured in his person and property by a decay in a drain, which had been constructed across one of its streets by a municipal corporation charged by its charter with the duty of keeping its streets in proper repair, has no right of action for damages against such corporation, there being no statute authorizing it.
2. There is no distinction in this respect between municipal corporations and such other public bodies, or *quasi*-corporations, as are charged with like duties; there is no liability to civil action unless imposed by statute.

Before PRESSLEY, J., Charleston, February, 1880.

This was an action by Henry E. Young against the city council of Charleston, to recover damages for injuries sustained in his person and property, caused by a defect in a drain across one of the streets of the city of Charleston. Plaintiff was riding his horse on Sunday afternoon along a street or highway in the upper portion of the city, when the horse was thrown down, and horse and rider were both severely injured. The horse's fall was caused by a hidden hole in a trunk or drain, which had been put there some years before by the city council, and had decayed. The case is otherwise stated in the opinion.

*Messrs. H. A. M. Smith* and *B. H. Rutledge,* for appellant.

A municipal corporation is responsible for an injury to an individual for non-feasance or failure to keep the streets in repair. *Quasi*-corporations generally are not liable. 2 *Dill. Mun. Corp.,* §§ 996–1000; 2 *T. R.* 667; 91 *U. S.* 552. Municipal corporation liable at common law. 2 *Dill.* §§ 980, 983; 91 *U. S.* 552; 4 *Law Rep. (App. Cas.)* 263 (33 *Moak R.* 173.) There is nothing decided in the South Carolina cases to the contrary; but *obiter dicta* may be found in 2 *Hill* 571; 2 *Nott & McC.* 537; 12 *Rich.* 82; 14 *S. C.* 290. *Obiter* is not controlling. 102 *U. S.* 307; 15 *S. C.* 372. See *Dill. Mun. Corp.,* § 957, *note* 1. *Fowle* v. *Alexandria* has been virtually overruled in 91 *U. S.* 552. It was the duty of the city to keep their streets in repair. 2 *Bay*

65.   But the city is at least liable for an injury caused by the direct act of the agents of the corporation in making the street unsafe—for misfeasance.        2 *Dill. Mun. Corp.*, § 1024; 122 *Mass.* 358.

*Mr. G. D. Bryan,* contra.

October 25th, 1883.   The opinion of the court was delivered by

MR. JUSTICE McIVER.   This action was brought to recover damages for injuries sustained by the plaintiff, occasioned, as was alleged, by a defect in one of the streets of the city of Charleston.   The defense was—First. That, in the absence of a statute making the municipal corporation liable to an action for damages so occasioned, such an action could not be maintained.   Second. That the place where the damages were sustained was not one of the streets of the city which it was required to keep in repair. Third. That the plaintiff, being engaged at the time the injury was sustained in a violation of law, by taking a pleasure ride on Sunday, could not maintain the action.

. The issues of law and fact were referred to a referee, who found all the issues in favor of the plaintiff, and fixed the damages at $990.   To this report exceptions were filed, which need not be specifically stated here ; and the Circuit judge, who heard the case upon the report and exceptions, not being satisfied with the sufficiency of the evidence as to the question, whether the place where the injury was sustained was such a public street as the defendant was bound to keep in repair, recommitted the report to the referee " for such further testimony as plaintiff may offer on said question."

From this order both parties have appealed ; but as we think the whole will be concluded by the proper solution of the question raised by the defendants' first ground of defense, it is unnecessary to state the various exceptions of the parties.   That question is, whether a municipal corporation, charged by its charter with the duty of keeping in proper repair the streets or public highways within the corporate limits, is liable to a civil action for damages at the suit of an individual who has sustained

an injury, either in person or property, by reason of a failure on the part of the corporation to perform such duty in the absence of a statute imposing such liability. This question has been the subject of no little conflict of discussion in the courts of this country; but we think it has been settled in this State adversely to the claim of the plaintiff. As far back as 1820, it was decided in the case of *Young* v. *Commissioners*, 2 *Nott & McC.* 537, that the board of commissioners of roads was not liable to such an action; and the authority of that case was subsequently recognized in *White* v. *City Council*, 2 *Hill* 575, decided in 1835, and again in *McKenzie* v. *Chovin*, 1 *McMull.* 222, decided in 1841. The same principle was recognized and re-affirmed in *Coleman* v. *Chester*, 14 *S. C.* 291, and in *Black* v. *City of Columbia*, 19 *S. C.* 412.

The true theory upon which these cases rest is that a municipal corporation is a mere governmental agency established for public purposes, and stands upon a very different footing from that of private corporations organized for private gain, or for the special benefit of the corporators. As characterized by Marshall, C. J., in *Fowle* v. *Alexandria*, 3 *Pet.* 398, it is "a legislative corporation, established as part of the government of the country;" and by Chancellor Harper, in *White* v. *City Council, supra,* as "the agent of the legislature for the purposes of government." This distinction is fully recognized in *Main* v. *Railroad Co.*, 12 *Rich.* 82. A municipal corporation, thus being a part of the government of the State, is not liable to a civil action by an individual for any damages which he may sustain by reason of its failure to perform any of the public duties imposed upon it, unless the legislature sees fit to provide by statute for such right of action; and as it is conceded that there is no statute giving any such right of action in this case, we do not think that the action can be maintained. Although we are satisfied that the law is thus firmly settled by the authorities in this State, yet, in deference to the earnest and able argument submitted in behalf of the plaintiff, we have been induced to examine the question in the light of the authorities elsewhere.

First, it is contended that the rule in this State rests ultimately upon the case of *Young* v. *Commissioners, supra,* in which the

question was as to the liability of a board of commissioners of roads, which was at most only a *quasi*-corporation, and that the rule is different as to a municipal corporation proper. It is not to be denied that such a distinction has been recognized and established by many cases in other States. See 2 *Dill. Mun. Corp.,* ch. *XXIII.,* where the authorities are fully stated; but, as is said in section 785 of that valuable work, it is difficult to see the ground for such distinction; and we find it not only difficult, but absolutely impossible to perceive any good reason why a person who sustains an injury by reason of a defect in a highway just beyond the corporate limits of a city or town has no right of action against the public authorities charged with the duty of keeping such highway in repair, while such person would have a right of action if the injury he sustained had been received within the corporate limits of such city or town.

The duty of establishing and keeping in repair the public highways, whether within or without the corporate limits of a city or town, is a public duty, and whether such duty is imposed upon one set of public officers or another cannot make any difference in this respect. The character of the duty imposed in both cases is the same, the result to the injured party, of a failure to perform such duty, is the same, and we are unable to see why the liability should not be the same. The public, generally, as well as the individuals composing the public, have the same, and perhaps a greater interest in having the public highways outside as well as those within the limits of incorporated cities or towns kept in good repair; for if an injury should be sustained in a remote or unfrequented part of the public highway, the consequence might be much more serious than if the same injury were sustained within the corporate limits of a city or town where relief could readily be obtained. It will not do to say, as was intimated by Earle, J., in *McKenzie* v. *Chovin, supra,* that this distinction rests upon the fact that a municipal corporation has a corporate fund while these *quasi*-corporations, like boards of commissioners of roads, had no such fund; for such was not the fact. These boards had the same if not greater powers of taxation that municipal corporations usually have, besides other sources of revenue arising from licenses and fines

for the violations of the law in reference to retailing spirituous liquors. And, as Judge Dillon says, in sections 761, 762 and 785, the distinction is recognized even where these *quasi*-corporations are invested with the taxing power.

Inasmuch, therefore, as we are unable to discover any good reason for this distinction between the liability of these *quasi*-corporations and that of municipal corporations proper, and as no such distinction has ever been recognized in this State, we are unwilling now to recognize it, notwithstanding the fact that it is well established in many of the States, though, in at least two, the doctrine has been pushed to its logical conclusion, and *quasi*-corporations, as well as municipal corporations proper, have been held liable to such an action.

The cases principally relied upon by the counsel for the plaintiff are *Barnes* v. *District of Columbia*, 91 *U. S.* 540, and *Bathurst* v. *McPherson*, 4 *Law Rep.* (*App. Cas.*) 256 (33 *Moak Eng. Rep.* 173,) decided by the judicial committee of the privy council. In the former the decision was by a divided court—a bare majority; and it ·is quite manifest, from an examination of the case, that the question now under consideration was not so fully considered as its importance demands. The question which seems to have engrossed the minds of the court was whether the municipal corporation could be made liable for the negligence of the board of public works, inasmuch as the members of that board were appointed by the president of the United States and not by the municipal corporation; ar i the opinion is mainly devoted to the discussion of the question, whether the fact that these officers received their appointment from the president, and not from the municipal corporation, would relieve the corporation from liability; and from the conclusion reached upon this question, two of the justices dissented, while two others dissented generally. The point which we now have under consideration was dismissed with the single remark that the authorities establishing the doctrine that a municipal corporation is liable to a civil action for its mere negligence "are so numerous and so well considered that the law must be deemed to be settled in accordance with them," followed by a long list of cases, many of which do not at all sustain the doctrine for

which they are cited, as is most fully and clearly shown in the elaborate opinion of Gray, C. J., in the case of *Hill* v. *City of Boston*, 122 *Mass.* 344 (23 *Am. Rep.* 332,) where he comments at length upon the case of *Barnes* v. *District of Columbia*, and the cases cited to sustain it.

But more than this ; although the learned justice who delivered the opinion in *Barnes* v. *District of Columbia* expressly recognizes the distinction hereinbefore mentioned between the liability of *quasi*-corporations and municipal corporations proper, as so well established that it cannot be disturbed, which distinction, however, he seems to think is not founded upon any sound principle, yet among · the cases cited by him to establish the liability of a municipal corporation, are several from those States where the doctrine has been carried to its logical conclusion, and no distinction between the liability of municipal corporations proper and *quasi*-corporations is recognized.

In *Bathurst* v. *McPherson*, the court seems to rest its decision mainly upon the ground that the defect in the highway which caused the injury complained of in that case, was the result of an act of the corporation, and declined to decide the general question whether the corporation was bound to keep all the roads in the municipality in good repair, and therefore liable for an injury sustained by reason of any defect in such roads. It is true, that in this respect the case we are considering is like the case of *Bathurst* v. *McPherson*, for here as well as there the corporation had originally constructed the drain which caused the injury complained of, by being allowed to get out of repair. But we have not been able to find any other case in which such a distinction has been adverted to, and we see no reason why a corporation should be any more liable for an injury caused by a defect in a street at a point where the corporation had previously constructed a drain, than it would be for an injury sustained by a defect at any other point on such street.

It is true that there are cases in which a distinction is drawn between cases of misfeasance and non-feasance—a distinction, however, which is repudiated in *Bathurst* v. *McPherson*—in which it has been held that while a corporation might not be liable for mere non-feasance, in neglecting to perform its duty

in keeping streets in repair, yet it would be liable for positive misfeasance, as for placing an obstruction in the street or cutting a ditch across it and leaving it open, by reason of which an individual sustains an injury.    But the same obligation rests upon the corporation to keep every part of its streets in repair, as to keep a drain or bridge previously constructed by it in proper repair; and whether an injury is sustained at one point or the other cannot possibly, upon any sound principle, make any difference as to the rule of liability.

But again, this case of *Bathurst* v. *McPherson* seems also to be based upon this idea, that because a corporation is liable to an indictment for not keeping its streets or highways in repair, it is therefore liable to a civil action for damages at the suit of an individual who has sustained an injury by reason of a defect in one of its streets.    This doctrine certainly cannot be sustained in this country, as it would entirely overthrow what is conceded to be the well-settled rule here as to the distinction between the liability of a *quasi*-corporation and that of a municipal corporation proper; and we know of no case in this country where it has been recognized.    But even granting to the case of *Bathurst* v. *McPherson* all that has been claimed for it, as establishing a doctrine contrary to that which we have adopted, we cannot regard it as sufficient to warrant us in overthrowing the well-settled rule in this State, sustained, as we believe it to be, by reason as well as by high authority.

Our view is fully sustained by decisions in Massachusetts and Michigan, two amongst the ablest courts in the Union.    *Hill* v. *City of Boston,* 122 *Mass.* 344 (23 *Am. Rep.* 332), recognized and affirmed in *French* v. *City of Boston,* 129 *Mass.* 592 (37 *Am. Rep.* 393); *Detroit* v. *Blackeby,* 21 *Mich.* 84 (4 *Am. Rep.* 450), recognized and affirmed in *McCutcheon* v. *Homer,* 43 *Mich.* 483 (38 *Am. Rep.* 212).    In these two cases of *Detroit* v. *Blackeby* and *Hill* v. *City of Boston,* the question is so fully and ably discussed, and the authorities, both English and American, are so fully and satisfactorily reviewed that it would be a work of supererogation to attempt to add anything to what is there so well said.

It appears also, from the course of legislation in this State,

that the view which we have adopted has apparently been assumed by the legislature to be the correct one and acted upon as such.    Soon after the adoption of the present constitution, the legislature passed an act constituting each county in the State a body politic and corporate, (act of 1868, 14 *Stat.* 134,) and yet they deemed it necessary to provide specially by statute that any person sustaining an injury by reason of a defect or want of repair in a highway should have an action for damages against the county, (act of 1871, 14 *Stat.* 669,) and this special remedy by statute has been retained in all the subsequent legislation upon the subject.    Now it must be assumed that the legislature was aware of the law as settled in this State, that the board of commissioners of roads, the officials previously charged with the duty of keeping the public highways in repair, were not liable to a civil action for damages sustained by an individual by reason of the neglect of this duty, and if they had supposed that the several counties in this State, who, through their agents, the county commissioners, are now charged with this duty, would become liable to such an action by reason of the fact that they had been erected into corporations proper, there would have been no necessity for passing an act providing specially for such liability.

Under the views herein presented it is clear that the action cannot, under any state of the facts, be maintained, and the other questions presented cannot arise.

The judgment of this court is that the order appealed from be reversed and that the complaint be dismissed.