PARKS v. GREENVILLE.

1. JOINT DEMURRER—APPEAL.—Whether a joint demurrer to the complaint can be sustained in favor of one of the defendants only, not considered, as objection on this point was raised neither on Circuit nor on appeal.

2. MUNICIPAL CORPORATION—TORTS—ACTION.—A municipal corporation being an agency of the State government, is not liable to an individual for tres-

pass upon his property in laying a sewer pipe, in the absence of a statute imposing liability for such acts; and no such liability was imposed in this case, but, on the contrary, express legislative authority was had to use private property in establishing its sewerage system in the mode that was pursued.

3. IBID.—ACTS OF ITS AGENTS—ACTION—NONSUIT.—Officers of a municipal corporation are not individually liable for acts done by them under its direction, which the corporation was expressly authorized to do, unless such officers acted with culpable negligence or maliciously; and as culpable negligence was not charged in the complaint, and as there was no evidence of malice, a nonsuit was properly ordered.

4. MEASURE OF DAMAGES—HARMLESS ERROR.—Where the judgment reached establishes that plaintiff is entitled to recover no damages, alleged errors in the rulings of the Circuit Judge as to the measure of damages, not considered.

5. OPINION-EVIDENCE by non-experts properly rejected, and a witness is not shown to be an expert on sanitation by proof that he is an expert physician.

6. TAXATION OF COSTS—NOTICE—APPEAL.—Alleged error on the part of the clerk of the Circuit Court, in taxing costs without notice to the judgment defendant, will not be considered if first raised in this court.

Before GARY, J., Greenville, July, 1894.

Action by John B. Parks against the City Council of Greenville and others.

*Messrs. Perry & Heyward,* for appellant.

*Mr. Joseph A. McCullough,* contra.

April 16, 1895.   The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER.   The plaintiff brought this action against the municipal corporation known and designated by the name of the City Council of Greenville, and against the several individuals holding the offices of mayor and aldermen, and also the city engineer, to recover damages alleged to have been sustained by him by reason of the laying of a sewer pipe through a lot of land in the city of Greenville, the property of the plaintiff.

The allegations contained in the complaint, omitting those which are of a formal character—such as relate to the corporate character of the first named defendant, the names of the

persons holding the offices of mayor and aldermen, the names of the persons composing the committee on sewer, the name of the city engineer, and the ownership of the lot of land, with the description thereof, alleged to be of the value of $300—are substantially as follows: that the said city engineer, "in co-operation with and under instructions from the said committee on sewer, on or about the　　　day of June, 1892, unlawfully, maliciously, and in willful disregard of the objection of the plaintiff, entered upon said premises, dug up the soil thereon, and laid through the entire length thereof certain terracotta piping, to be used as part of the sewer of said city of Greenville." The allegation in the sixth paragraph of the complaint is as follows: "That said sewer pipe is an offensive nuisance upon said premises, well known to all the defendants so to be, and has, practically, destroyed the value of said premises." In the seventh paragraph of the complaint the allegation is as follows: "That the plaintiff has demanded of the defendants that said piping be removed from said premises, but the defendants have refused to remove the same, or any part thereof, have treated the applications and complaints of the plaintiff with contempt, and at a meeting of the said City Council of Greenville, regularly held, the defendants, the mayor and aldermen above named, subsequently, by a unanimous vote, ratified and confirmed said unlawful conduct of the said James R. Lawrance (the city engineer) and said committee on sewer, and are now in possession of said sewer, operating and controlling the same." And in the eighth paragraph of the complaint it is alleged: "That by reason of the aforesaid unlawful and malicious conduct of the defendants, an outrage has been committed upon the plaintiff and his rights, and the value of his property destroyed, all to his damage $1,000."

The defendants answered, admitting the corporate character of the first named defendant, the names of the persons set forth in the complaint as the committee on sewer, that the said Lawrance was the city engineer, and that the plaintiff was the owner of the lot described in the complaint, but say that they do not know its size or value, but that they are informed, and believe, that it is not of the value ascribed to it in the com-

plaint.   They admit that the said city engineer did cause to be
laid through a corner of plaintiff's lot, a pipe to be used as a
part of the city sewer, but deny that such act was done "un-
lawfully, maliciously, and in willful disregard of the objections
of the plaintiff," or that he has sustained any damage thereby.
On the contrary, they allege that all the acts done by them
were done as the representatives of the said municipal corpo-
ration, and under its direction, which corporation was expressly
authorized to have done by certain statutes set up in the
answer, the terms of which will, hereinafter, be more particu-
larly referred to; and that all of such acts were done in con-
formity to such statutes; that when plaintiff refused to appoint
one of the commissioners provided for by such statutes, for the
purpose of assessing the damages which plaintiff might sustain
by laying the pipe through his premises, such commissioner
was designated by the chairman of the board of county com-
missioners, as provided for by such statutes, and when the
commissioners made their assessment, the amount thereof was
duly tendered to plaintiff, who refused to receive the same.

     The case came on for trial before his honor, Judge Ernest
Gary, and when the complaint was read, and before the answer
was heard, a motion was made by counsel for defendants to
dismiss the complaint, upon the ground that it did not state
facts sufficient to constitute a cause of action against any of
the defendants.   After hearing argument, the Circuit Judge
granted an order, in which he said: "It appearing to my satis-
faction that said defendant being a municipal corporation, can-
not be made liable for a trespass committed by its officers or
agents acting in a public capacity, as alleged in the said com-
plaint; I, therefore, sustain said motion, and dismiss the com-
plaint as to the said defendant, the City Council of Greenville."
The court then proceeded to hear the testimony as against the
other defendants, and when the testimony on behalf of the
plaintiff was closed, a motion for a nonsuit was made, based
upon the ground that there was no evidence tending to estab-
lish the material facts alleged in the complaint, which motion
was granted.   Judgment having been entered accordingly, the
plaintiff appeals upon the several grounds set out in the record;

but as we do not propose to consider the exceptions *seriatim*, but rather to determine the questions which we understand them to present, it is unnecessary to state these exceptions specifically.

The first question presented is, whether the Circuit Judge erred in sustaining the demurrer to the complaint upon the ground that it failed to state any cause of action against the defendant, the City Council of Greenville. Before proceeding to a consideration of the merits of this question, we desire to say, in order to avoid future misapprehension, that, in this case, no point was raised either on Circuit or in the argument here, that the demurrer being joint, it could not be sustained as to one and overruled as to the others, as in the case of *Lowry* v. *Jackson*, 27 S. C., 318; and as the point is technical, we do not propose to consider it here, especially as it does not appear that any such point was brought to the attention of the Circuit Judge, who, therefore, neither made, nor was called upon to make, any ruling upon the subject. Considering, then, the question free from any such technical point, we think that the ruling of the Circuit Judge is abundantly sustained by the following cases: *Coleman* v. *Chester*, 14 S. C., 286; *Black* v. *City of Columbia*, 19 *Id.*, 412; *Young* v. *City Council of Charleston*, 20 *Id.*, 116; and *Gibbes* v. *Town Council of Beaufort, Ibid.*, 213. These cases establish the doctrine, that a municipal corporation, being a governmental agency, is not liable to an action for damages sustained by the tort of any of its officers or agents, unless it is made so by some statute to that effect. In this case, no such statute has been cited, and so far as we are informed, none exists. On the contrary, this municipal corporation has, by the act of 1891, 20 Stat., 1370, been expressly authorized to establish, construct, and maintain "a system of sewerage in the streets, private lots, and dwellings in the city of Greenville," and by section 3 of that act the said corporation is expressly authorized, by its officers or other agents, to enter any building or premises in the city of Greenville, between certain designated hours, for the purpose of establishing, maintaining, and regulating such system of sewerage. And by the 7th section of said act, the said corporation is invested with the power "to condemn such private property

as may be necessary for said sewerage, the same to be condemned and the damage assessed as is now provided for in the opening of, or widening, streets in said city." By turning to the charter of said city (act of 1885, 19 Stat., section 30, at page 114), we find that the mode there prescribed is the same as that alleged to have been adopted in this case.

The next question is, whether there was any error in granting the nonsuit, after the municipal corporation had been eliminated from the case by the ruling on the demurrer. It is very manifest, that what the other defendants did was done under the authority and by the directions of the municipal corporation, and if, as we have seen, the acts done were not unlawful, it is clear that these defendants, if liable at all, could only be so by reason of some culpable negligence on their part, which is neither charged nor proved, or by reason of the fact that these acts were done maliciously, which is expressly charged in the complaint. So that the question is narrowed down to the inquiry, whether there was any testimony even tending to show any malice on their part, or on the part of any one of them. We have searched the testimony, as fully set out in the "Case," in vain for any such testimony, and hence there was no error in granting the motion for a nonsuit.

All of the other exceptions except the last relate to alleged errors in the several rulings as to the admissibility of certain testimony as to the question of damages. Inasmuch as we have reached the conclusion that the plaintiff has failed to make out any cause of action against any of the defendants, it is very obvious that the question of damages becomes immaterial, and, therefore, need not be considered. For this court has uniformly held that until the plaintiff has made out his cause of action, no question as to the damages which he might be entitled to, if he had succeeded in making out his cause of action, can properly arise. We may add, however, in justice to the Circuit Judge, that we are inclined to agree with him as to his rulings upon the several questions as to the competency of testimony. Most of the testimony ruled out was designed to elicit the mere opinions of the witnesses, and even the opinion of the so-called expert, Dr.

Swandale, was not competent, for the reason that he was not an expert. He was a physician, and not a sanitary engineer, and was not shown to have such knowledge of, or experience in, the science of sanitation as would entitle him to be characterized as an expert in such science; for while he, doubtless, had quite sufficient knowledge of, and experience in, the science of medicine as would entitle his opinion as to matters embraced in that science to great consideration, it does not by any means follow necessarily that he was an expert in sanitation; and to do the doctor justice, he does not seem to have made any such claim.

The only remaining question is that presented by the thirteenth and last exception. It is claimed that the costs were taxed without notice to the plaintiff, and inserted in the judgment without authority. This court has so often held that the question of the proper taxation of costs must first be made before the clerk, and the party dissatisfied with the action of that officer must then carry the question, by exceptions, to the Circuit Court, and from the ruling of that court alone can an appeal to this court be taken, that it is scarcely necessary to say more. Here the matter seems never to have been brought before the Circuit Court in any form, and this court is asked by this exception to pass, as an original question, upon a matter involving questions of fact and possibly of law. This court has no jurisdiction of such a matter, and hence the exception must be overruled.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.