16870

**ROGERS v. U. S. FIDELITY & GUARANTY CO.**

(81 S. E. (2d) 896)

*Messrs. Sinkler, Gibbs & Simons,* of Charleston, *for Appellant,*

*Messrs. S. S. Seideman* and *Morris D. Rosen,* of Charleston, *for Respondent,*

May 14, 1954.

STUKES, Justice.

George E. Fata was a motor vehicle dealer and appellant was surety upon his bond in the sum of $2,000.00 which was dated May 22, 1951, and recited that it was conditioned for the lawful operation of the business during the period from the date of the bond through October 31, 1951, and, in effect, that it was made pursuant to the Act of the General Assembly which was approved March 25, 1948, 45 Stat. 1729. The terms of the Act survive in substance as section 46–91 *et seq.* of the Code of 1952, but see the intervening Act No. 223 of 1949, 46 Stat. 342. The complaint in this action refers to the Act of 1948 and cites it as section 2556–1 of the 1948 Supplement of the Code of 1942, and the order under appeal is based thereupon, hence our consideration is confined to it.

It was alleged in the complaint that the plaintiff, now respondent, on Sept. 13, 1951, purchased from Fata, who sold in his capacity as a licensed motor vehicle dealer, a Chevrolet automobile; subsequently one Davis brought an action against respondent for the possession or value of the automobile upon the claim that he was the owner and had left it with Fata to be serviced; upon trial of that action Davis recovered verdict against the respondent for $1,595.00, which respondent is obligated to pay in addition to the costs and expenses incurred in the unsuccessful defense of the action; appellant was kept informed of the progress and developments in the action. Section 3 of the Act of 1948 was set forth, wherein it is provided that a surety bond shall be furnished by a dealer, quoting, "conditioned upon the lawful operation of said business * * *."

Appellant's demurrer to the complaint was upon the ground, with which the appeal is concerned, that the bond was not intended for the benefit of third parties, such as

respondent, but was for the sole benefit of the State Highway Department. The demurrer was overruled upon the finding that it was alleged in the complaint that Fata did not lawfully operate his business, and, as a consequence, plaintiff was damaged; and the bond was intended for the benefit of a third party such as the respondent. The appeal is upon a single exception by which it is contended that the statutory bond, upon which the action was brought, was solely for the benefit of the State Highway Department.

The bond having been given pursuant to the requirement of the statute, it must be construed with reference to the latter and its intention will govern. It required of each dealer an annual license fee of $25.00, in default of payment of which maximum penalty of $100.00 was imposed. Penalty not exceeding the same amount might also be imposed upon a licensed dealer who failed to keep records of his transactions. Section 5 of the Act further provided: "In addition to such penalty, the willful failure to keep the records provided above shall be deemed a breach of the condition of the bond and the full amount or any part thereof may be recovered by suit, or otherwise, in the discretion of the Highway Department." Section 9 follows: "Each day that the terms of the provisions of this Act are violated shall be deemed a separate and distinct offense"; and section 10: "The Highway Department is authorized, after a showing that a dealer has been guilty of fraud, deceit, or fraudulent breach of warranty, to revoke and cancel the license of any such motor vehicle dealer." Reference to the original act, No. 683 of 1948, 45 Stat. 1729, discloses that the title contained no reference to the requirement of bond and, of course, no hint of protection thereby of the public. The title referred to the provision for the license, the requirement of records and inspection thereof by the Highway Department, and to the provision of penalties for failure to comply with the terms of the act, etc.

Thus the act and its title contain no evidence of intention to provide security, by means of the bond, for any wrong

to a member of the public who should be defrauded by a dealer; and, indeed, the amount of the bond is indicative of contrary legislative intent. Respondent sought to collect the full amount in this case and Fata was guilty of other frauds. See *Rhode v. Ray Waits Motors, Inc.*, 223 S. C. 160, 74 S. E. (2d) 823.

Construction of the subject bond against liability to the public is further indicated by the provisions for statutory bonds which it is intended may be sued upon by any aggrieved member of the public. The statutes contain appropriate provisions therefor with respect to the bonds of public officers, section 50–76, Code of 1952; State Highway patrolmen, section 46–852; and pawnbrokers, sections 56–1155, 56–1156. It is clear, therefore, that, at least ordinarily, legislative intent to protect members of the public individually by the requirement of a bond is expressed in the pertinent legislation. Such an expression is absent here, which is of persuasive significance.

No authority was cited in the order under appeal and the nearest case in point which is in respondent's brief is *Standard Oil Co. v. Powell Paving & Contracting Co.*, 139 S. C. 411, 138 S. E. 184, but that was a construction bond which was construed in connection with the proposal, specifications and contract, and the payment of materialmen, which was the issue, was expressly required. The bond was therefore held to be for their benefit and they were permitted to recover upon it. The case is not applicable here.

The condition of the bond, specified by the statute here, which required the "lawful operation" of the dealer's business, simply referred to the requirements of the statute, the keeping of records, etc. We do not think that it can be fairly or reasonably expanded in meaning to include the indemnification of respondent for a loss that he has suffered by reason of the fraud of the dealer which was not a violation of the terms of the statute which required the bond. "Lawful operation of the business" is a condition of the bond required of a liquor dealer, Code sec. 4–43, but it will hardly

be contended that the bond is liable for damages for the tort of a liquor dealer which he may commit against an individual, which is this case.

It was error to overrule the demurrer to the complaint which should have been sustained upon the ground and for the reasons which have been stated.

˜Reversed.

TAYLOR, OXNER and LEGGE, JJ., and BRUCE LITTLEJOHN, Acting Associate Justice, concur.