17534

S. E. McKENZIE, Appellant, v. CITY OF FLORENCE, National Surety Corporation, Melvin D. Adams, Walter L. Teal, and Ralph F. Parker, of whom City of Florence and National Surety Corporation, are, Respondents.

(108 S. E. (2d) 825)

*Messrs. McEachin, Townsend & Zeigler* and *Thomas M. Spence,* of Florence, *for Appellant,*

*W. H. Caldwell,* Esq., of Florence, *for Respondent,* City of Florence,

*Messrs. Willcox, Hardee, Houck & Palmer,* of Florence, *for Respondent, National Surety Corporation,*

May 14, 1959.

Moss, Justice.

The appellant, S. E. McKenzie, brought this action, in tort, against the City of Florence, National Surety Corporation, the respondents herein, and three policemen of the said City of Florence. The complaint sets forth two causes of

action for alleged negligent, reckless, willful and wanton conduct of the police officers of the City of Florence in the arrest and imprisonment of the appellant in the city jail. The complaint alleges that the acts of the police officers represented failure on their part to perform their duties as members of the police department of the City of Florence, and asserts that during a wrongful arrest, the appellant received serious and permanent bodily injuries, which said injuries were aggravated by the failure and refusal of the said police officers to call a physician to treat the appellant, while he was illegally detained in jail.

The complaint alleges that the City of Florence and the National Surety Corporation entered into a contract commonly called "a bond" for the benefit of the appellant, in which said bond the National Surety Corporation agreed:
"to idemnify City of Florence, South Carolina, (hereinafter called Obligee) for the use and benefit of Police Department, (hereinafter called Insured) against any loss or losses caused to the Insured, the amount of indemnity on each of the Employees hereinafter defined being the sum of Twenty-five Hundred and 00/100 ($2500.00), (hereinafter called Bond Penalty) through the failure of any such Employees, acting alone or in collusion with others, to perform faithfully his duties or to account properly for all monies and property received by virtue of his position or employment during the term of this bond as hereinafter defined."

The City of Florence demurred to the complaint upon the ground that being a municipal corporation, and an agency of the state, it cannot be sued in tort for the acts and delicts of its police officers, except where such an action is given by statute. The demurrer also asserts that the complaint fails to allege any legal authority whereby the City of Florence is liable in tort for the acts and delicts of its police officers.

The National Surety Corporation demurred to the complaint and challenged the sufficiency of the allegations thereof to state a cause of action against it, for the reason that the said bond indemnifies the City of Florence for the use and

benefit of its police department against the losses specified in the bond, but not for the benefit of the appellant. It is further asserted by the demurrer that the bond was not given pursuant to any statute or ordinance and that no action could be maintained against the City of Florence, the obligee in the bond, because it is immune from suits in tort.

The Honorable G. Badger Baker, Resident Judge of the Twelfth Circuit, sustained the demurrers by separate orders dated October 17, 1958. Timely notice of intention to appeal from these orders were duly filed, and by consent of the parties, the separate appeals were united for the purpose of a hearing in this Court. The exceptions present three questions for decision: (1) Can the City of Florence, a municipal corporation, be sued in tort for the acts and delicts of its police officers, in the absence of a statute granting such right of action? (2) Can the City of Florence, a municipal corporation, waive its immunity from tort liability? (3) Does the bond in question create a right of action thereon by the appellant?

It is well for us to point out what was stated in the case of *Mullins Hospital v. Squires,* 233 S. C. 186, 104 S. E. (2d) 161, 165, as follows:

"* * * In many jurisdictions the courts have drawn a distinction between municipal activities that are governmental and those that are in the field of business rather than of government and are loosely referred to as proprietary. But no such distinction is made in this state; all functions exercised by municipal corporations under powers constitutionally granted to them by the General Assembly are considered public and governmental. *Irvine v. Town of Greenwood,* 89 S. C. 511, 72 S. E. 228, 36 L. R. A., N. S., 363; *Looper v. City of Easley,* 172 S. C. 11, 172 S. E. 705; *Carter v. City of Greenville,* 175 S. C. 130, 178 S. E. 508; *Hill v. City of Greenville,* 223 S. C. 392, 76 S. E. (2d) 294; *Sammons v. City of Beaufort,* 225 S. C. 490, 83 S. E. (2d) 153."

It has long been the settled law of this state that, except as expressly permitted by statute, municipal corporations are not liable in damages for a tort committed by any of its officers or agents. *Young v. Commissioners of Roads,* 2 Nott & McC. 537, 11 S. C. L. 537; *White v. City Council of Charleston,* 2 Hill 571, 20 S. C. L. 571; *Young v. City Council of Charleston,* 20 S. C. 116; *Parks v. City Council of Greenville,* 44 S. C. 168, 21 S. E. 540; *Irvine v. Town of Greenwood,* 89 S. C. 511, 72 S. E. 228, 36 L. R. A., N. S., 363; *Parish v. Town of Yorkville,* 96 S. C. 24, 79 S. E. 635, L. R. A. 1915A, 282; *Triplett v. City of Columbia,* 111 S. C. 7, 96 S. E. 675, 1 A. L. R. 349; *Oswald v. City of Orangeburg,* 154 S. C. 105, 151 S. E. 230; *Reeves v. City of Easley,* 167 S. C. 231, 166 S. E. 120; *Sheriff v. City of Easley,* 178 S. C. 504, 183 S. E. 311; *Abernathy v. City of Columbia,* 213 S. C. 68, 48 S. E. (2d) 585; *Fairey v. City of Orangeburg,* 227 S. C. 458, 88 S. E. (2d) 617; *Clarke v. City of Greer,* 231 S. C. 327, 98 S. E. (2d) 751, and *Mullins Hospital v. Squires,* 233 S. C. 186, 104 S. E. (2d) 161. Numerous other cases could be added to the foregoing list sustaining the doctrine that an action for damages for tort will not lie against a municipal corporation, unless the corporation is made liable by statute, because such corporation is merely an agent of the state for governmental purposes. The last case from the Court so holding is that of *Collins v. City of Greenville,* 233 S. C. 506, 105 S. E. (2d) 704.

It is the position of the appellant that the foregoing cases and the doctrine established thereby should be entirely overruled and no longer followed as the law of this state. It should be stated that upon proper petition this Court granted the appellant leave to argue against the authority of the foregoing decisions.

The doctrine of sovereign immunity has been established in this state since 1820, when it was decided in the case of *Young v. Commissioners of Roads,* 2 Nott & McC. 537, 11 S. C. L. 537, that the Board of Commissioners of the Roads

was not liable to a private action for neglect of duty. In this case the plaintiff brought an action against the Commissioners of the Roads for Edgefield District for injury done to his wagon and horses from the insufficiency of a bridge, which it was alleged that the Commissioners were bound to keep in proper order and had not done so. A verdict was given for the plaintiff and a motion was submitted to set aside the verdict on the ground that the Commissioners of the Roads are not liable, in a private action, for a neglect of duty. In ruling that the Court was in error in not granting the motion, the Court said:

"In the case of *Russell v. the Men of Devon,* (2 T. R. 667), it was ruled, that such an action would not lie against an overseer of the roads for an error of judgment in the execution of his trust. No case has been found, in which such an action has been sustained. Where an officer has been appointed to act, not for the public in general, but for individuals in particular, and from each individual receives an equivalent for the services rendered him, he may be responsible in a private action, for a neglect of duty, but where the officer acts for the public in general the appropriate remedy for his neglect of duty, is a public prosecution: (*Harman v. Tappenden et al.,* 1 East, 555). And such has been the practice in this state."

We can assume that the immunity rule in this state had its inception in the approval by our Courts of the *Men of Devon case,* and the doctrine of that case as was followed in *Young v. Commissioners of Roads, supra,* has been a part of the public policy of this state for one hundred and thirty-nine years. Acquiescence in it for this period of time justifies the conclusion that it is now agreeable to, and part of, the public policy of the state.

As is heretofore stated, the last case from this Court is that of *Collins v. City of Greenville, supra* [233 S. C. 506, 105 S. E. 709], where we quoted with approval from the case of *Parish v. Town of Yorkville, supra,* the following:

"It has been settled by a long line of decisions in this court that an action for damages for tort will not lie against a municipal corporation, unless the corporation is made liable by statute, because such corporation is merely an agent of the state for governmental purposes."

We realize that the immunity rule has been criticized by some Courts as being archaic and outmoded. Such was the case of *Hargrove v. Town of Cocoa Beach, Fla.,* 96 So. (2d) 130, 60 A. L. R. (2d) 1193. Despite the criticism and denunciation of the doctrine, it has been a recognized rule of this state for many years, and to depart from such rule would of necessity, overrule many decisions of this Court.

There is no statute in this state that empowers the appellant to bring this action, and in the absence of any statute surrendering the immunity of a municipality from suit, this Court will not overrule and overthrow the decided cases upon the point. This Court is not invested with the power to make laws.

In the case of *Reeves v. City of Easley,* 167 S. C. 231, 166 S. E. 120, 128, this pertinent statement was made:

"If the state desires to surrender for itself and its subdivisions immunity from suit, beyond the degree in which its sovereignity has been abrogated, it has the proper channel through which to accomplish its purpose, viz.: the legislative branch of the government. Certainly it is wholly without the province of the Courts to extend that immunity."

In the case of *Rogers v. Florence Printing Co.,* 233 S. C. 567, 106 S. E. (2d) 258, 261, this Court, speaking through Justice Legge, said:

"It is often the function of the courts by their judgments to establish public policy where none on the subject exists. But overthrow by the courts of existing public policy is quite another matter. That its establishment may have resulted from decisional, rather than statutory, law, is in our opinion, immaterial. Once firmly rooted, such policy becomes in effect a rule of conduct or of property within the state. In the

exercise of proper judicial self-restraint, the courts should leave it to the people, through their elected representatives in the General Assembly, to say whether or not it should be revised or discarded."

■ We conclude that a municipal corporation is immune from tort liability where there is no statutory permission to sue such municipality. Since our Courts have over such a long period of time consistently followed the rule of immunity, it should not be changed except through legislative enactment.

■ The appellant also contends because the City of Florence and National Surety Corporation entered into a bond "for the use and benefit of the police department" such constitutes a waiver of sovereign immunity up to the amount of the bond.

In the case of *Brooks v. One Motor Bus,* 190 S. C. 379, 3 S. E. (2d) 42, 43, this Court said:

"As we understand the rule relating to the immunities attaching to sovereignty, such attributes are never to be considered as waived or surrendered by any inference or implication. The surrender of an attribute of sovereignty being so much at variance with the commonly accepted tenets of government, so much at variance with sound public policy and public welfare, the Courts will never say that it has been abrogated, abridged, or surrendered, except in deference to plain, positive legislative declarations to that effect. *Heman Const. Co. v. Capper,* 105 Kan. 291, 293, 182 P. 386.

"Our legislative history amply shows that the General Assembly has been fully cognizant of this sound principle of law. It has in several instances by express enactment prescribed the cases in which actions are allowed against counties, cities, towns and the State Highway Department. And in those enabling statutes the Legislature has invariably set forth with care and precision the terms and conditions upon which suit may be brought. In the permissible actions referred to only the recovery of general judgments is allowed.

We look in vain to these statutes for any express or implied provision authorizing any specific lien over any governmental property of any governmental agency, or for any authority authorizing the issuance of executions, and levy and sale thereunder."

In the case of *Rice Hope Plantation v. South Carolina Public Service Authority,* 216 S. C. 500, 59 S. E. (2d) 132, 138, it was said:

"The case of *Brooks v. One Motor Bus,* 190 S. C. 379, 3 S. E. (2d) 42, 43, covers an important phase of the matter before us so fully that no further citation of authority really seems to be necessary. We quote the following from the opinion: 'In this State neither the commonwealth nor any of its political subdivisions is liable in an action *ex delicto* unless made liable by express enactments of the General Assembly, except where the acts complained of, in effect, constitute a taking of private property for public use without just compensation.' It was further held in this case that immunities attaching to sovereignty 'are never to be considered as waived or surrendered by any inference or implication,' and statutes permitting suit 'for damages to property and persons, being in derogation of sovereignty, should be construed strictly.' "

The general rule is that municipal corporations possess and can exercise only such powers as are granted in express words, or those necessarily or fairly implied in or incident to the powers expressly conferred, or those essential to the accomplishment of the declared objects and purposes of the corporation. 37 Am. Jur., Municipal Corporations, Section 112, at page 722. The City of Florence has only those powers prescribed by the Constitution or the statute law of this State, and those necessarily or fairly implied or incident to the powers expressly conferred. There is no statute, in this state, that empowers a municipal corporation to waive immunity to tort liability. Certainly, it cannot be said that the power of waiver is implied or incident to the constitutional or statutory powers expressly conferred.

In the case of *Stephenson v. City of Raleigh,* 232 N. C. 42, 59 S. E. (2d) 195, an action was brought for the alleged wrongful death of plaintiff's intestate. The defendant demurred to the complaint, and, thereafter, the plaintiff filed an amended complaint alleging that the defendant carried public liability insurance and thus waived its immunity to tort liability by obtaining such insurance. The defendant moved the court to strike out the allegations contained in said complaint with reference to said insurance. The Supreme Court of North Carolina held that the city could not waive immunity from tort liability by taking out public liability insurance. The Court held that the motion to strike should have been allowed.

In the case of *Wallace v. Laurel County Board of Education,* 287 Ky. 454, 153 S. W. (2d) 915, it was held that the governmental immunity of a school board or district from liability with respect to injury to pupils riding on school busses, in the absence of statutory regulations, could not be waived by the fact that the school board or district carried liability insurance.

In Rhyne on Municipal Law, sections 30-33, it is said:

"In order to protect themselves against the increasing number of torts claims, municipalities are resorting to liability insurance. The legal effect of the carrying of such insurance upon the liability of the municipality varies. In the state of Tennessee the carrying of liability insurance results in a waiver, to the extent of the insurance coverage, of the immunity from tort liability otherwise available to municipalities under express statutory provision. The Illinois Appellate Court has stated that 'Liability insurance, to the extent that it protects the public funds, removes the reason for, and thus the immunity to suit.' *But in the majority of the states, an immunity continues notwithstanding the purchase of liability insurance.* In some states express statutory authorization has been vested to purchase liability insurance." (Emphasis added.)

The Tennessee case referred to is that of the *City of Knoxville, Tenn. v. Bailey,* 6 Cir., 222 F. (2d) 520, and the Illinois case, in support of the text, is that of *Thomas v. Broadlands Community Consol. School Dist.,* 348 Ill. App. 567, 109 N. E. (2d) 636. However, in the case of *Marmor v. Port of New York Authority,* 203 Misc. 568, 116 N. Y. S. (2d) 177, it was held that the carrying of insurance against the risk sued upon did not constitute a waiver of sovereign immunity from suits and from tort liability by the state instrumentalities there involved.

We conclude that the City of Florence did not waive its immunity by the purchase of the bond in question.

We do not think that the bond in question creates a right of action thereon by the appellant. The general rule applicable to official bonds, as it relates to actions thereon by private individuals, is thus summarized in 43 Am. Jur., Public Officers, Section 440, at pages 205-206:

"As a general rule, no action on an official bond can be maintained by third persons in the absence of statutory authority. * * *.

"Of course, an action cannot be maintained on behalf of an individual where the bond sued on is given for the sole benefit of the obligee named therein and there is no statutory authority for a suit by a third person."

The appellant argues that since there is an enabling act requiring the bonding of a highway patrolman for the benefit of the public, Section 46-852, of the 1952 Code of Laws of South Carolina, that this carries with it, by analogy, the right of a municipality to require a bond for the benefit of the public.

In the case of *Yongue v. National Surety Corp.,* 190 S. C. 421, 3 S. E. (2d) 198, this Court construed what is now Section 46-852 of the Code, and held that a member of the public could maintain an action upon a bond given by a highway patrolman because the bond was conditioned to pay any judgment recovered against the said highway patrolman

upon a cause of action arising out of a breach or abuse of official duty or power for "damages sustained by any member of the public from any unlawful act of such officer or patrolman." It is thus demonstrated that a bond of a highway patrolman was made for the benefit of the public, and hence, an injured member thereof could bring an action upon said bond.

The appellant does not contend that there is any statute in this state authorizing a suit by the appellant upon a bond executed to a municipality for the faithful performance of the duties of a policeman. The complaint of the appellant alleges that it was the intention of the city council of the City of Florence to indemnify residents of the City of Florence, and all persons within the corporate limits of the said City, "for damage caused by any member of the police department of the City of Florence who exceeded his legal authority." This allegation falls far short of showing that the City Council of the City of Florence enacted any ordinance attempting to give the appellant, as a member of the public, a right of action on the bond in question. What was said in *Central Realty Corp. v. Allison,* 218 S. C. 435, 63 S. E. (2d) 153, 157, is here appropriate:

"Besides, as a matter of law, we are of opinion that at all events such a resolution cannot be considered as anything more than merely directory, and certainly could not be given mandatory effect. Indeed, it seems to be well settled that a 'resolution is not a law, and in substance there is no difference between a resolution, order, and motion.' 37 Am. Jur. 755; 43 C. J. 519; and 62 C. J. S., Municipal Corporations § 412, p. 787.

"The following statement of the law as contained in 37 Am. Jur. 835, appears to be well supported by the authorities generally: 'Ordinarily, a municipal ordinance cannot be amended or repealed by a mere resolution. To accomplish that result a new ordinance must be passed. Some jurisdictions, moreover, have held that the same formalities neces-

sary to the enactment of an ordinance must be observed in its repeal or amendment.' "

The bond here in question is one of indemnity against loss and protects only the insured, the City of Florence, and does not purport to create liability to anyone who may suffer injury as a result of the tortious acts of its policemen.

In the case of *Rogers v. United States Fidelity & Guaranty Co.,* 225 S. C. 298, 81 S. E. (2d) 896, 897, the writer of this Opinion was the trial Judge, and the action was one brought by the plaintiff to recover on the statutory bond of an automobile dealer for damages resulting from fraudulent acts of the dealer. This Court, in construing the statute requiring the bond by the automobile dealer, held that the bond was conditioned solely on the lawful operation of the business of the automobile dealer, and was not for the benefit of the public. This Court said:

"Thus the act and its title contain no evidence of intention to provide security, by means of the bond, for any wrong to a member of the public who should be defrauded by a dealer;
\* \* \*

"Construction of the subject bond against liability to the public is further indicated by the provisions for statutory bonds which it is intended may be sued upon by any aggrieved member of the public. The statutes contain appropriate provisions therefor with respect to the bonds of public officers, section 50-76, Code of 1952; State Highway patrolmen, section 46-852; and pawnbrokers, sections 56-1155, 56-1156. It is clear, therefore, that, at least ordinarily, legislative intent to protect members of the public individually by the requirement of a bond is expressed in the pertinent legislation. Such an expression is absent here, which is of persuasive significance."

The bond executed by the National Surety Corporation to the City of Florence is, by its wording, an indemnity only to the City of Florence. There is nothing in the bond which shows any intention to create a

right of action thereon by any third party. It is well established in this state that the obligation of a surety rests solely in contract, and such surety cannot be held liable contrary to or beyond the condition of the bond. *McKenzie v. Standard Accident Ins. Co.,* 189 S. C. 475, 1 S. E. (2d) 502.

We conclude that the trial Judge was correct in sustaining the demurrers filed by the respondents.

Affirmed.

STUKES, C. J., and TAYLOR, OXNER and LEGGE, JJ., concur.