## 21215

The **SOUTH CAROLINA PUBLIC SERVICE COMMISSION; Guy Butler, Chairman, Fred A. Fuller, Jr., Abney Moss, J. Henry Stuckey and Henry G. Yonce, Commissioners, Respondents v. COLONIAL CONSTRUCTION COMPANY Gene E. Phillips d/b/a Phillips Construction Co. and James E. Gremillion as liquidating trustees for Colonial Construction Co., and National Grange Mutual Insurance Company, of whom National Grange Mutual Insurance Company is Appellant.**

(266 S. E. (2d) 76)

582

*Thornwell F. Sowell, III,* of *Nelson, Mullins, Grier & Scarborough,* Columbia, *for appellant.*

*Robert T. Bockman* and *William E. Booth, III,* Columbia, *for respondents.*

May 1, 1980.

GREGORY, Justice:

This appeal is from an order of the circuit court declaring total forfeiture of a sewer utility bond filed with respondent South Carolina Public Service Commission. Appellant Na-

tional Grange Mutual Insurance Company is surety. We affirm the declaration of forfeiture, reverse the amount forfeited and remand for entry of judgment consistent herewith.

The essential facts are not in dispute. Colonial Construction Company, Inc. (Colonial) owned and Phillips Construction Co. (Phillips) serviced the sewage treatment and disposal facility for Lakeview Manor Subdivision near Spartanburg, South Carolina. Pursuant to what is now codified as Section 58-5-720, Code of Laws of South Carolina (1976)[1] a performance bond was filed with respondent naming Phillips principal and appellant surety. The effective dates of the bond extended coverage from August 31, 1970 until August 31, 1973.

Both Colonial and Phillips abandoned the project some time during the term of the bond, and consequently service and maintenance for the Lakeview Manor system came to a halt. An administrative order of respondent found that Colonial and Phillips had failed to provide "adequate and sufficient service . . . for an unreasonable length of time" and demanded forfeiture of the bond. See § 58-5-720.

Respondent then brought this action seeking a declaration of forfeiture and an order requiring appellant "to pay over . . . all or any portion of the bond declared forfeited." The lower court ordered the $10,000.00 bond forfeited in its entirety with interest on that sum from the date of respondent's administrative order. This appeal followed.

Appellant admits the terms of the bond were breached by Phillips' failure to adequately service and maintain the facility and accepts liability therefor to the extent of $1,760.00. This sum is not in dispute and represents the damages caused by Phillips' failure to adequately service and maintain the facility.

[1] Then Section 58-149, 1962 Code of Laws of South Carolina, as supplemented.

The gravamen of this appeal is the finding of the lower court that appellant is liable under the bond for not only the cost of maintenance and service to the existing facility, but also for the expense of installing improvements to the system. We conclude appellant is not liable for the cost of improvements, in this case mandated by administrative regulations promulgated subsequent to the execution of the bond,[2] either under the terms of the bond or its authorizing statute, § 58-5-720.

A surety's obligation is contractual and cannot extend beyond the terms of the bond and the intent of the parties thereto. *McKenzie v. City of Florence,* 234 S. C. 428, 108 S. E. (2d) 825 (1959) ; *National Loan & Exchange Bank v. Gustafson,* 157 S. C. 221, 154 S. E. 167 (1930). The pertinent portion of Phillips' bond states:

WHEREAS, The said Principal has entered into an agreement with the obligee dated ...... to *maintain* sewer lagoon, and said agreement to become a part of this bond as if fully written herein. (emphasis added)

The agreement referred to in the bond contains the following language:

The servicer and the owner enter into this agreement that the servicer shall service said oxidization (sic) pond and *existing sewage lines. . . .* (emphasis added)

From the above-quoted language of the bond and agreement it is clear the parties intended to condition Phillips' performance upon the maintenance and servicing of the existing sewage treatment facilities at Lakeview Manor. Nowhere in the bond or the agreement are the terms "improvement", "expansion" or the like used. Where, as here, an agreement is incorporated into a bond so as to

---

2 One year after the bond was executed, the Department of Health and Environmental Control promulgated regulations requiring systems such as the one at Lakeview Manor to install chlorinator devices. The estimated installation cost for Lakeview is approximately $11,000.00.

become a part thereof, we will read the two together and construe them as a whole to ascertain the intent of the parties. 12 Am. Jur. 2d, *Bonds,* Section 27; 11 C. J. S. *Bonds* § 43.

■ While the language of the preamble to the agreement states that the facility is to be operated "in a manner satisfactory to the South Carolina Department of Health and the South Carolina Public Service Commission", this general expression does not warrant the result reached by the lower court. The express terms reciting the intention of the parties concerning maintenance to the system control over general language to prevent a more extensive operation of the bond than was intended. See 11 C. J. S. *Bonds* § 42. It is the terms of a performance bond which control the surety's liability. *United States Fidelity and Guaranty Company v. Gulf Florida Development Corporation,* Fla. App., 365 So. 2d 748 (1978).

The lower court's order erroneously extends appellant's liability beyond the terms of the bond and the intent of the parties by conditioning performance upon the subsequently promulgated regulations. See *McKenzie v. City of Florence, supra;* see also *Hochevar v. Maryland Casualty Co.,* 114 F. 2d 948 (6th Cir. 1940); 74 Am. Jur. 2d, *Suretyship,* § 49.

■ As a statutory bond, its terms must be construed in light of and consistent with the purpose of its authorizing statute, § 58-5-720. *Kimbrell v. Heffner,* 163 S. C. 35, 161 S. E. 175 (1931); *Pickens County v. Love,* 171 S. C. 235, 171 S. E. 799 (1933). That statute provides in pertinent part:

The Commission shall hereafter, prior to the granting of authority or consent to any water or sewer utility regulated by the Commission, for the construction, operation, maintenance, acquisition, expansion or improvement of any facility or system, prescribe as a condition to such consent or approval that the utility shall file with the Commission a

bond with sufficient surety . . . conditioned upon the provision by the utility of adequate and sufficient service within its service area . . . .

The plain and obvious purpose of the statute is to ensure the provision of "adequate and sufficient service" to the affected service area. It is entirely consistent with that purpose to distinguish between maintenance to an existing system and the addition of improvements thereto; the statute itself makes such a distinction. The instant bond carries out that purpose by bonding Phillips' agreement "to maintain sewer lagoon . . . [and] . . . service said oxidization pond and existing sewage lines."

Appellants also challenge the lower court's award of interest on the amount forfeited from the date of respondent's administrative order declaring the bond forfeited. There is authority in this state for allowing interest on the amount of a surety's conceded liability from the date of demand and refusal. *Murray v. Aiken Mining & Porcelain Co.,* 39 S. C. 457, 18 S. E. 5 (1893) ; see also 74 Am. Jur. 2d, *Suretyship,* § 166.

The award of interest from the date of the demand by respondent is affirmed as to the amount of $1,760.00, the undisputed sum to be forfeited under the bond. The amount ordered forfeited in excess of $1,760.00, and the interest awarded thereon, is reversed. On remand, the lower court shall issue an order for judgment accordingly.

Affirmed in part; reversed in part and remanded.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.