0663

SOCAR, INC., Appellant v. ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Respondent.

(341 S. E. (2d) 822)

Court of Appeals

---

*D. M. McEachin, Jr.*, of *Zeigler, McEachin & Graham*, Florence, *for appellant.*

*John Cuttino*, of *Bridges & Orr*, Florence, *for respondent.*

Heard Feb. 25, 1986.

Decided March 24, 1986.

GOOLSBY, Judge:

The dispositive issue involved in this appeal by SOCAR, Inc., is whether SOCAR was a subcontractor under a contractor's bond issued by the respondent St. Paul Fire and Marine Insurance Company.

The Charleston County School District awarded a construction contract to Hill Construction Corporation. Under its contract with the school district, Hill was required to provide a "Labor and Material Payment Bond."

Hill obtained the bond from St. Paul. Under its terms, St. Paul undertook to guarantee payment to any claimant not paid by Hill. The bond defines a "claimant" as "one having a direct contract with the Principal or with a subcontractor of the Principal for labor, material, or both used ... in the performance of the contract."

The bond incorporates the contract between Hill and the school district. The term "subcontractor" is defined in the contract as "a person or entity who has a direct contract with the Contractor to perform any of the Work at the site."

Hill contracted with Florence Iron and Steel to supply all the structural steel the project required. Florence ordered a portion of the steel from SOCAR.

SOCAR custom fabricated 17.6 tons of steel, open-web bar joists for use in the project and delivered the joists to Hill at the job-site. Neither SOCAR nor Florence performed any work at the job-site.

Florence billed Hill for the entire amount of the steel used on the project. SOCAR billed Florence for the steel SOCAR supplied. Although Hill paid Florence in full, Florence never paid SOCAR.

SOCAR then filed this action against St. Paul to recover under the contractor's bond, claiming it had a direct contract with Florence to provide "material" and that Florence was Hill's subcontractor.

The trial court, which heard the case without a jury, rendered judgment in St. Paul's favor. It held that Florence did not come within the definition of a subcontractor because Florence did not "perform any of the work at the site" and that SOCAR, therefore, was not entitled to recover under the bond. We agree.

A surety's obligation, being contractual in nature, "cannot extend beyond the terms of the bond and the intent of the parties thereto." *South Carolina Public Service Commission v. Colonial Construction Co.*, 274 S. C. 581, 584, 266 S. E. (2d) 76, 77 (1980). Under the terms of the bond here, SOCAR qualifies as a "claimant" only if Florence was a "subcontractor."

Where a bond refers to another instrument, it generally is held that the other instrument "with all its stipulations, limitations, or restrictions becomes a part of the bond, and the two should be read together and construed as a whole." 11 C. J. S. *Bonds* § 43 at 423 (1938); *see South Carolina Public Service Commission v. Colonial Construction Co., supra.* Like other written contracts, a bond is to be construed according to the fair import of its language. 11 C. J. S. *Bonds* § 38 at 417 (1938). If the language used by a

bond is plain and unambiguous, the bond should be interpreted as any other contract so as to arrive at the intention of the parties. 12 Am. Jur. (2d) *Bonds* § 25 at 493 (1964).

Here, reading the contract and bond together, we find Florence clearly falls outside the prescribed definition of the term "subcontractor." That definition plainly excludes those who have not performed any work at the site. Since Florence did not perform any work at the site, it was not a "subcontractor" within the meaning of the bond.

SOCAR, therefore, was not a "claimant," as defined by the bond, and, consequently, the trial court committed no error in holding SOCAR was not entitled to recovery from St. Paul under the bond.

Affirmed.

CURETON, J., and LITTLEJOHN, Acting J., concur.